**Everson D. SMITH, Plaintiff,**

v.

**ALUMAX EXTRUSIONS, INC., et al., Defendants.**

**No. DC86–160–S–O.**

United States District Court,
N.D. Mississippi,
Delta Division.

April 22, 1988.

Jim Waide, Tupelo, Miss., for plaintiff.

W. Kerby Bowling, W. Kerby Bowling, II, Bowling and Scruggs, Memphis, Tenn., John L. Maxey, II, Cupit & Maxey, Jackson, Miss., for defendants.

## OPINION

SENTER, Chief Judge.

Plaintiff Everson D. Smith brings this action alleging that the defendants discharged him without just cause and subsequently failed to provide him with adequate representation during the course of related administrative and arbitration proceedings. This cause is presently before the court on motions by the defendants for summary judgment.

## I.

In a memorandum opinion and order dated April 2, 1987, this court denied a motion by Alumax Extrusions, Inc., to dismiss the complaint as barred by the statute of limitations.

The defendants now urge the court to enter summary judgment in their favor based on the failure of the plaintiff to present any evidence tending to show either (1) that Alumax officials discharged him without cause in contravention of the collective bargaining agreement or (2) that union officials intentionally failed to represent him in an adequate manner during the grievance proceedings. In the alternative, the defendants request that the court reconsider its ruling on the statute of limitations question and dismiss the complaint as untimely filed.

The parties have submitted briefs on these issues, and the court is now in a position to render a ruling. For purposes of clarity, each of the plaintiff's claims will be discussed separately.

## II.

Plaintiffs' complaint presents what is known as a hybrid section 301/unfair representation claim. As the Fifth Circuit recently explained:

> Section 301 of the LMRA [Labor Management Relations Act] provides an individual employee with a federal cause of action against his employer for breach of a collective bargaining agreement. An employee's cause of action against the union for breach of the duty of fair representation is implied from the statutory scheme of federal labor law. Because of the intricate relationship between the duty of fair representation and the enforcement of a collectively bargained contract, the two causes of action have become "inextricably interdependent" and known as a "hybrid § 301/fair representation" suit.

*Bache v. American Telephone & Telegraph Co.*, 840 F.2d 283, 287 (5th Cir. 1988) (citations omitted).

■ If, as here, the collective bargaining agreement mandates that an arbitration and grievance procedure is the exclusive and final remedy for breach of the terms of the agreement, then an employee is prohibited from suing his employer under section 301 of the LMRA, 29 U.S.C. § 185, until he has exhausted the procedure. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Moreover, the employee is bound by the procedure's result unless he can prove that his union breached its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

■ As a general rule, arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit. Since parties may arbitrate only the issues which they agree to arbitrate, there must be a forum that determines which issues the parties agreed to arbitrate. The federal district courts are the entities vested with this responsibility, but are limited to determining whether the parties agreed to submit a matter to arbitration. If a party wishing to challenge an arbitrator's decision succeeds in proving that it was not subject to arbitration under the terms of the agreement, then the decision will be set aside by a court. *See generally AT & T Technologies v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *see also United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1963); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) (hereinafter referred to as "the *Steelworkers* trilogy").

■ An order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. In applying this presumption of arbitrability, courts are directed to resolve

all doubts in favor of coverage. *Warrior & Gulf, supra*, 363 U.S. at 582–83, 80 S.Ct. at 1353.

▮ Exceptions to the general rule of arbitrability arise when the employee alleges that the grievance procedure is unfair or inadequate, *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir.1971), or that the arbitrator exceeded the scope of submission in rendering a decision. *Id.*

Another exception arises where, as here, the employee alleges that his union violated its duty under the collective bargaining agreement to represent him fairly and impartially in the grievance proceedings. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). If the employee succeeds in proving a breach of the duty by the union, then the arbitrator's decision will be set aside, entitling him to proceed with his § 301 claim against his employer. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 67, 101 S.Ct. 1559, 1566, 67 L.Ed.2d 732 (1981).

### The Unfair Representation Claim

▮ In order to prove breach of the duty of fair representation, an employee must show by substantial evidence that his union acted (1) in a hostile manner toward his interests, (2) discriminated against him in some fundamental respect, (3) exercised its discretion in a bad faith or dishonest manner, or (4) acted arbitrarily or capriciously while representing him. *Vaca v. Sipes, supra*, 386 U.S. at 177, 87 S.Ct. at 910. Evidence that the union may have acted erroneously, negligently, or exercised poor judgment is not sufficient to sustain an unfair representation claim as a matter of law. *Nunn v. National Fresh Fruit and Vegetable Co., Inc.*, 541 F.Supp. 469, 477 (S.D.Tex.1982), *aff'd*, 703 F.2d 556 (5th Cir.1983).

▮ In his complaint, Everson Smith alleges that his union represented him unfairly by: (1) failing to inform the arbitrator that one of the work reprimands he had received from the company was at the time still subject to a pending grievance and not subject to consideration, (2) failing to inform the arbitrator that his work record was equal to or superior than those compiled by other employees performing the same job, and (3) perfunctorily processing his grievance and failing to aggressively represent him in proceedings, presumably because he had actively opposed ratification of the existing collective bargaining agreement.

In their motions for summary judgment, the defendants deny these allegations and contend, *inter alia*, that they are insufficient as a matter of law to support a finding of unfair representation. Numerous documents are submitted in support of defendants' position and are summarized below.

The plaintiff has declined to submit any materials in opposition to defendants' motions, despite being given an opportunity to do so under the local rules. Although the plaintiff has been proceeding *in propria persona* during part of this time, he has been represented by counsel since March 31, 1988, and no requests for an extension of time to respond to the summary judgment motions have been received.

▮ The question of whether Smith's union representative informed the arbitrator of a matter is conclusively determined by referring to the transcript of the arbitration hearing held on February 19, 1986. At the beginning of the hearing, Ellis Smith, the union representative, informed the arbitrator that any mention of the pending grievance would be objected to. *Transcript*, at 2–3.

The arbitrator's awareness of the grievance and its pendency is supported by his final decision wherein he admitted that one of plaintiff's work reprimands was still subject to the grievance process. *Arbitrator's May 15, 1986 Decision*, at 12–13.

The defendants admit that Ellis Smith made one error while representing the plaintiff. In referring to a reprimand still subject to the grievance procedure, Smith incorrectly stated that it was the August 28, 1985, reprimand issued for product spoilage which resulted in a five-day suspension. Smith and the defendants note that

this is incorrect in that (1) the reprimand issued on August 14, 1985, not August 28, 1985, was the one being grieved and (2) plaintiff was not suspended for this grievance, but received a verbal warning. The fact that the arbitrator was told that he could not consider a grievance more serious than the one actually being grieved is noted by the defendants as an indication that Smith's error was not made in bad faith and, in any event, resulted in no detriment to plaintiff's position.

Plaintiff also alleges that Ellis Smith failed to inform the arbitrator of his exemplary work performance. Plaintiff admitted in his deposition, however, that he never asked Smith to raise this point. Moreover, the arbitrator noted in his ruling that the plaintiff had received a number of reprimands prior to his termination and further held that any evidence of job performance which predated the period of one year prior to termination was irrelevant and would be excluded. *Id.* at 9.

Finally, plaintiff alleges in a conclusory fashion that Smith processed his grievance perfunctorily and intentionally failed to represent him in an aggressive manner. A review of the plaintiff's testimony indicates that Smith spent four to five hours in a meeting with him to prepare for the hearing. Additional review of the hearing transcript clearly shows that Smith examined and cross-examined all witnesses extensively, objected to the introduction of evidence at the appropriate time, and was generally effective in representing plaintiff's interests.

Plaintiff admits that he initially felt that Smith's conduct at the hearing was satisfactory, but that his perception changed when the arbitrator issued an adverse decision months later. *Plaintiff's Deposition,* at 306–307. If a favorable decision had been rendered then, plaintiff states that he would be of the opinion that Smith represented his interests well.

The court declines to adopt plaintiff's result-oriented analysis of his union representative's performance. All the evidence before the court supports only one finding: that the plaintiff was fairly and adequately represented by the union.

Summary judgment may be entered only where the pleadings, responses to interrogatories, requests for production of documents, and requests for admissions, deposition transcripts, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P.

The Fifth Circuit has expressly recognized that "summary judgment can be a proper method of disposing of fair representation cases where material issues of fact have been settled by depositions and affidavits." *Turner v. Air Transport Dispatchers Association,* 468 F.2d 297, 299 (5th Cir.1972) (citations omitted).

In the case at bar, the defendants have submitted evidence tending to show that the plaintiff was fairly represented during his grievance and arbitration proceedings. The burden, therefore, shifts to the plaintiff to rebut this by presenting some evidence tending to support his claim.

To successfully oppose a properly supported summary judgment motion, a party must do more than rest on the allegations made in his complaint. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff has wholly failed to meet his burden under Rule 56 in the instant case, and summary judgment will be entered against him on the claim of unfair representation.

### The Breach of the Collective Bargaining Agreement Claim

■ Having prevailed on the unfair representation claim, the defendants are also entitled to summary judgment on the section 301 claim. As noted before, an employee's right to challenge an arbitration award is limited; in this case, plaintiff's inability to forestall summary judgment on his unfair representation claim precludes him from pursuing a section 301 claim as a matter of law. *United Parcel Service, Inc. v. Mitchell, supra.*

### III.

When Congress enacted the federal labor laws sued upon herein, it sought to pro-

mote industrial peace and the improvement of wages and working conditions by fostering a system of employee organization and collective bargaining. *See Vaca v. Sipes, supra*, 386 U.S. at 187, 87 S.Ct. at 915. The collective bargaining system as encouraged by Congress and administered by the National Labor Relations Board (NLRB) necessarily requires that, on occasion, the interests of an individual employee be subordinated to the collective interests of all employees in a bargaining unit. *Id.*

The decision by an employer to terminate an employee may or may not be justified under the terms of the collective bargaining agreement. The employee's exclusive remedy, however, is to present his grievance to the arbitrator for resolution. Mere dissatisfaction with the final result will not entitle the employee to further relief.

In the case *sub judice*, the court finds that the defendants are entitled to summary judgment on plaintiff's claims as a matter of law. In light of this decision, the court declines to reconsider the statute of limitations question in a substantive fashion.

An order shall issue in conformity with this opinion.

### ORDER OF JUDGMENT AND DISMISSAL

This cause comes before the court on defendants' motions for summary judgment. The court, for reasons stated in an opinion issued this date, finds that said motions are well taken and should be sustained. Accordingly, it is

ORDERED AND ADJUDGED:

That summary judgment is entered in favor of the defendants on plaintiff's claims of unfair representation and breach of the collective bargaining agreement, and plaintiff's complaint is hereby dismissed with prejudice.