Everson D. SMITH, Plaintiff–Appellant,

v.

ALUMAX EXTRUSIONS, INC. and Local No. 204, Aluminum, Brick & Glass Workers International Union, Defendants–Appellees.

No. 88–4686

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 5, 1989.

Jim Waide, Tupelo, Miss., for plaintiff-appellant.

W. Kerby Bowling, II, Bowling & Scruggs, Memphis, Tenn., Samuel L. Begley, John L. Maxey, Cupit & Maxey, Jackson, Miss., for Alumax.

Thomas P. Powers, Powers & Lewis, Washington, D.C., for Local No. 204.

Before REAVLEY, JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Everson D. Smith appeals an order of the district court denying his motion to vacate a previous order granting summary judgment in favor of defendants, Alumax Extrusions, Inc. (Alumax) and Local No. 204, Aluminum Brick & Glass Workers International Union (Union). Persuaded that the district court did not abuse its discretion in denying Smith's motion to vacate insofar as that motion was asserted pursuant to Fed.R.Civ.P. 60, we affirm. We remand, however, Smith's claim that the district court erred in denying his motion to vacate the summary judgment order filed pursuant to Fed.R.Civ.P. 59(e) since the record reveals that the district court has not yet ruled on Smith's Rule 59(e) contentions.

I.

Plaintiff Everson D. Smith brought the instant action against his previous employer, Alumax, and his former union, Local No. 204, following his discharge by Alumax on October 2, 1985, for disorderly conduct, refusing to follow instructions, using alcohol, and receiving repeated reprimands. Pursuant to the provisions of the collective bargaining agreement between Alumax

and the union, Smith initially protested his discharge from Alumax by submitting a grievance to an arbitration board on February 19, 1986. The arbitration board subsequently upheld Smith's discharge after which Smith commenced the instant action on October 2, 1986. In the instant suit, Smith maintains that Alumax unlawfully discharged him in violation of the terms of the collective bargaining agreement between Alumax and the union, and that the union failed to adequately represent him during the arbitration proceedings in which he protested his discharge from Alumax.

After Smith filed his complaint, Alumax and the union filed their answers and the parties thereafter commenced discovery. Ultimately, Alumax and the union filed motions for summary judgment, the last of which was filed on December 10, 1987. Together with their summary judgment motions, Alumax and the union submitted to the district court various exhibits including a transcription of the hearing before the arbitrator, the written decision of the arbitrator, and excerpts from a deposition of Smith. Counsel for Smith, however, never filed a response to the above summary judgment motions by Alumax and the union; instead, Smith's counsel filed a motion to withdraw from the instant matter on February 3, 1988, after the deadline for timely responding to the summary judgment motions of Alumax and the union had expired. In his motion to withdraw, counsel for Smith maintained that he could not continue to pursue Smith's case as he believed to do so would violate the spirit of Fed.R.Civ.P. 11. The district court subsequently allowed Smith's counsel to withdraw from the case.

Thereafter, Smith continued to litigate the instant action pro se until March 31, 1988, at which time Smith was able to retain new counsel. Approximately three weeks after new counsel was retained by Smith, on April 22, 1988, the district court entered an order granting the motions for summary judgment of Alumax and the union, 683 F.Supp. 1074. Seeking relief from the above summary judgment order, Smith, on May 2, 1988, filed a motion to vacate the summary judgment order of the district court. Importantly, Smith asserted his motion to vacate pursuant to Fed.R.Civ.P. 59(e), as well as Fed.R.Civ.P. 60(b). Without addressing the contentions of Smith in his motion to vacate brought pursuant to Rule 59(e), the district court concluded that Smith had failed to demonstrate excusable neglect within the context of Rule 60(b) for his failure to timely respond to the summary judgment motions of Alumax and the union. On this basis, the district court denied Smith's May 2 motion to vacate in toto. In doing so, the district court specifically noted that the deadline for the filing of a response to the last summary judgment motion filed by Alumax and the union was December 24, 1988, approximately six weeks prior to the time when original counsel for Smith requested to withdraw. Smith now appeals the order of the district court denying his motion to vacate.

## II.

 Pursuant to Fed.R.Civ.P. 60(b), the court may relieve a party from a final judgment, order, or proceeding for, among other reasons, excusable neglect. In the instant action, Smith filed a request for such relief under Rule 60(b) which the district court denied. "Motions under Rule 60(b) are directed to the sound discretion of the district court, and [a district court's] denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981).

In maintaining that his failure to respond to the summary judgment motions of Alumax and the union constituted excusable neglect within the context of Rule 60(b), Smith points to the fact that neither he nor his subsequent counsel were aware of the pending summary judgment motions and the failure of Smith's previous counsel to timely respond to those motions until after the district court entered its order granting summary judgment in favor of Alumax and the union. Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting

relief from summary judgment contemplated by Rule 60(b). *See Pryor v. United States Postal Service,* 769 F.2d 281 (5th Cir.1985). Further, since Smith's subsequent counsel was not yet retained at the time the deadline for responding to the summary judgment motions expired, it was not the actions of Smith's subsequent counsel which the district court reviewed to determine if Smith's conduct in failing to respond to the summary judgment motions constituted excusable neglect. Rather, it was the actions of Smith's initial counsel in failing to respond to the summary judgment motions which was the focus of the district court's excusable neglect inquiry since Smith's initial counsel was still representing Smith during the relevant time period for responding to the summary judgment motions.

Finally, we note that the district court entered its summary judgment order in favor of Alumax and the union, not as a default judgment, but on the merits of the dispute between the parties. Traditionally, Rule 60(b) has been applied most liberally to judgments in default since the litigant in such cases has not had an opportunity to adequately present the merits of his case to the district court. *Seven Elves, Inc.,* 635 F.2d at 403. By contrast, the district court in the instant case ruled on the merits of the summary judgment motions only after considering various evidentiary exhibits, albeit exhibits presented by Alumax and the union, such as excerpts from Smith's deposition, portions of the transcript of the arbitration proceeding, and the written decision of the arbitrator. In sum, on the facts of the instant case, we cannot say that the district court abused its discretion in refusing to find that Smith's failure to respond to the summary judgment motions of Alumax and the union constituted excusable neglect within the context of Rule 60(b). Thus, we affirm the order of the district court denying Smith's motion to vacate insofar as that order rejects Smith's request for relief asserted on the basis of Rule 60(b).

■ Our inquiry, however, is not complete as Smith also asserted Rule 59(e) in his motion to vacate as a basis for relief from the summary judgment order. Specifically, Smith maintains that the district court entered its summary judgment order without the proper and necessary evidentiary material, and that the district court erroneously based its summary judgment order on the premise that the collective bargaining agreement "made the arbitration procedure the exclusive remedy." As noted previously, the district court failed to address these Rule 59(e) claims in its order denying Smith's motion to vacate. We decline to rule on these contentions in the first instance and accordingly, remand for the purpose of allowing the district court to rule on Smith's Rule 59(e) contentions as asserted in his motion to vacate.

AFFIRMED IN PART, REMANDED IN PART.