**Shirlee HAMANN, Plaintiff,**

v.

**GATES CHEVROLET, INC., Defendant.**

**No. S87–256.**

United States District Court,
N.D. Indiana,
South Bend Division.

June 9, 1989.

Lance M. Clark, E. Spencer Walton, Jr., South Bend, Ind., for plaintiff.

John T. Mulvihill, Douglas D. Small, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on a motion to alter or amend a grant of summary judgment against plaintiff Shirlee Hamann. A motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b), Fed.R.Civ.P. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.1989). The defendant, Gates Chevrolet, Inc. ("Gates"), has filed its response. Ms. Hamann alleges that she was wrongfully discharged from her place of employment. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Gates' reply brief in support of its motion for summary judgment was filed on April 13, 1989 and was pending at the final pretrial conference held on April 18, 1989. After hearing argument on the motion, the court ruled that Ms. Hamann had failed to come forward with evidence establishing that she was fired solely for refusing to act in accordance with her employer's desires with respect to the title work and the assignment and notarization of assignments. Therefore, under Indiana law, Ms. Hamann's conduct did not fall within the tightly defined exception to the employment-at-will doctrine articulated in *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390 (Ind.1988).

A review of the facts, drawing all reasonable inferences in favor of the plaintiff, indicates that Gates hired Ms. Hamann as a title clerk at Gates on December 7, 1982 and discharged her on October 3, 1985. After several months of working as a title clerk, she was assigned to a position in the Accounting Department at Gates, handling accounts payable, but she continued to assist from time to time with title work. During her period of employment at Gates, Ms. Hamann learned that Gates employees were altering titles to used vehicles purchased by Gates so that the titles would be acceptable to the Indiana Bureau of Motor Vehicles. Ms. Hamann originally participated in this practice of altering titles and notarizing false signatures; however, at some point during her last two years of employment with Gates she refused to notarize titles that she did not believe were correct. Ms. Hamann notified her superiors that she refused to alter titles or notarize titles that she did not believe were correct.

Approximately one month before her termination, Ms. Hamann was approached by Cindy McMillan, a co-employee and title clerk at Gates. Ms. McMillan raised a question to Ms. Hamann regarding the handling of a used car title that had multiple assignments and the removing of those assignments to obtain a title in Gates' name. In response to the inquiry by Ms. McMillan, Ms. Hamann telephoned Patti Guskowski, an employee experienced in handling vehicle titles for Gates in downtown South Bend, Indiana, a separate corporation from the defendant in this case. Ms. Guskowski indicated the vehicle title and assignments should not be handled in the manner de-

scribed by Ms. McMillan and advised Ms. Hamann to do nothing right then, that she wanted to talk to somebody and that she would get back to Ms. Hamann. Ms. Hamann did not hear back from either Ms. Guskowski or Ms. McMillan and she did nothing further with the title.

Soon after Ms. Hamann's call to Ms. Guskowski, Ms. Hamann was called into Mr. Sweeden's office and asked if she had contacted Ms. Guskowski. Upon acknowledging that she had done so, Mr. Sweeden stated to Ms. Hamann that she had a problem and terminated her.

Gates argues that Ms. Hamann was an at-will employee who is not able to assert facts causing her to fall within Indiana's tightly defined exception to the employment-at-will doctrine. Gates argues that Ms. Hamann was not directly involved in handling the title that Ms. McMillan asked about, that she was not fired for refusing to commit an illegal act, that she was not fired for engaging in statutorily protected activity, and that at most Ms. Hamann was fired for "blowing the whistle" by reporting the inquiry to Ms. Guskowski. Since Indiana does not recognize an exception to the at-will employment doctrine for "whistle-blowing" activity, Ms. Hamann has failed to state a claim for wrongful discharge under Indiana law. Gates asserts that Ms. Hamann openly refused for a two year period to handle titles that she felt were questionable, and Gates took no action against her during that period. Therefore, according to Gates, one cannot reasonably conclude that Ms. Hamann was terminated for refusal to engage in conduct which she had been refusing to do for two years. Gates argues that Ms. Hamann's continued refusal for a two year period indicates that there is no causal link between her refusal to notarize titles and her termination.

Ms. Hamann argues that it is undisputed that titles were altered during the period of time that she was employed by Gates. Ms. Hamann testified at her deposition that she does not know to this day why Gates fired her. She argues that there is conflicting testimony from Mr. Sweeden and Mr. Day concerning the reasons for her discharge, but a reasonable interpretation of the facts, in the light most favorable to Ms. Hamann, could support a jury's finding that she was discharged for refusing to alter titles in violation of Indiana law. Ms. Hamann argues that the incident with Cindy McMillan and Patty Guskowski was a part of her continuing refusal to go along with what was going on and that all of this activity came to a head a couple of weeks prior to her termination, and as a consequence she was ultimately terminated because of her involvement in an illegal transaction. Ms. Hamann argues that the facts surrounding her discharge, and specifically the reason she was discharged, are disputed material facts and, therefore, summary judgment was not appropriate.

In *Frampton v. Central Indiana Gas Company*, 297 N.E.2d 425 (Ind.1973), the plaintiff was fired for filing a Worker's Compensation claim. The Indiana Supreme Court held that when an employee is discharged for exercising a statutorily conferred right an exception to the employment-at-will doctrine is recognized. In *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390 (Ind.1988), a truck driver was discharged for refusing to drive a 78,000 pound load through a state with a 75,000 pound load-limit. The Indiana Supreme Court recognized an exception to the employment-at-will doctrine when an employee is fired for refusing to commit an illegal act.

 After review of the parties' arguments and materials filed in conjunction with the motion for reconsideration of summary judgment in this case, the court is unable to find evidence of a causal link between Ms. Hamann's refusal to perform illegal title work and her termination by Gates. Furthermore, if Ms. Hamann was discharged because of the incident with Cindy McMillan's question about a title, Ms. Hamann's involvement in that transaction does not amount to a refusal to commit an illegal act.

It is undisputed that Ms. Hamann refused for a period of approximately two years to do work on titles that she felt

were questionable or incorrect. She was not fired for that refusal before the incident with Cindy McMillan. A reasonable inference from this evidence is that Ms. Hamann was fired for her involvement in the incident with Cindy McMillan and specifically her telephone call to Patty Guskowski; however, her level of involvement in that incident did not rise to the level of "refusing to commit an illegal act". Ms. Hamann was not asked to complete the title work in an illegal manner, and she did nothing with regard to the title other than advise Ms. McMillan not to complete the title work in an illegal manner. Ms. Hamann cannot be said to have refused to perform an illegal act, since she had not been requested to do anything illegal with regard to the title. If, as seems likely, Ms. Hamann was fired for her decision to telephone an employee at another dealership and for her conversation with Ms. Guskowski, her conduct still did not amount to refusal to perform an illegal act.

■ Ms. Hamann also maintains that the court entered its summary judgment order without benefit of the proper necessary evidentiary material, namely, the published depositions of Shirlee Hamann, Joan Wittner, Samuel Sweeden, William Day, and Cynthia King. *See Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469, 1472 (5th Cir.1989) (Rule 59(e) claim remanded to district court as it failed to address Rule 59(e) claims in denying motion to vacate brought pursuant to both Rules 59(e) and 60(b)). District Rule 11 states that "[a]ny party opposing the motion shall ... file any affidavits or other documentary material controverting the movant's position together with an answer brief and a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." The court is not obligated to comb through the complete depositions of a party's witnesses in search of genuine issues of material fact. *See Friedel v. City of Madison,* 832 F.2d 965, 969 (7th Cir. 1987) (it is not the court's duty on appeal to wade through the record and make arguments for either party; in addition, plaintiffs were fatally remiss in citing to the district court the portions of the record that they claimed supported their assertions). Rather, the party opposing summary judgment is required to attach the pertinent portions of depositions to its memorandum in opposition. Additionally, in ruling on Gates' motion for summary judgment, the court had before it excerpts from the deposition of Ms. Hamann, and, for purposes of the motion, Gates admitted the facts as stated by Ms. Hamann to be true. The additional depositions do not appear to contain further support for the missing causal link.

Accordingly, since Ms. Hamann has failed to meet her burden of showing that her conduct fell within the narrowly crafted exception to the employment-at-will doctrine of *McClanahan,* the plaintiff's motion to alter or amend judgment is DENIED.

SO ORDERED.