**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2012

No. 11-20387

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

KAYODE AKAMO,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-667

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Kayode Akamo appeals from the district court's order granting summary judgment to the Government and stripping Akamo of his citizenship in this denaturalization action. The Government sought to revoke Akamo's citizenship under 8 U.S.C. § 1451(a) because it claimed that he had concealed a material fact or made a willful misrepresentation in procuring his citizenship. Specifically, the Government argued that Akamo pleaded guilty to a conspiracy to commit mail fraud which was alleged to have begun in or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

about December 1995; that the indictment further alleged as an overt act that Akamo had, in furtherance of the conspiracy, rented a mailbox under a false name on or about December 1, 1995; and that Akamo therefore concealed or misrepresented his involvement in that conspiracy in January 1996, when he checked the "No" box in response to a question on a naturalization form that asked if, after his initial interview with an immigration examiner, he had "knowingly committed any crime or offense[] for which [he had] not been arrested."

The district court granted the Government's motion for summary judgment, determining that Akamo was collaterally estopped from arguing that he initially rented the mailbox for entirely legal reasons—and was therefore not involved in the conspiracy until after he became a citizen—because that issue was identical to the issue in his criminal case, it was fully and vigorously litigated, it was necessary to support his conviction, and there were no special circumstances rendering it unfair to apply collateral estoppel. *See United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994) (listing elements of collateral estoppel).

Akamo timely appealed, but his opening brief (he did not submit a reply brief) does not address the district court's collateral estoppel determination; his brief does not include the words "collateral" or "estoppel"—instead, it merely argues that "at the time he committed that act [renting the mailbox], it was not part of the conspiracy." Still, we will construe Akamo's contention generously as a challenge to the district court's finding that the date on which Akamo entered the conspiracy is an issue that was raised, litigated, and necessarily decided in both his criminal case and this denaturalization action. We have previously given a guilty plea preclusive effect in a subsequent civil case. *See, e.g.*, *In re Grothues*, 226 F.3d 334, 339 (5th Cir. 2000). By pleading guilty to the crime charged in the underlying indictment, Akamo admitted to having been

No. 11-20387

part of a conspiracy that began in December 1995. In other words, regardless of Akamo's intent with respect to renting the mailbox, he admitted by pleading guilty to being part of a conspiracy in December 1995, which is identical to the issue in this case. We therefore agree with the district court that Akamo is collaterally estopped from arguing that he did not enter into the conspiracy until after he was a citizen, and we affirm the district court's order granting the Government's motion for summary judgment and revoking Akamo's citizenship.

AFFIRMED.