# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3296

_____

United States of America

*Plaintiff - Appellee*

v.

Wiled Mahdi Al-Aqaili

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2013
Filed: January 23, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Wiled Mahdi Al-Aqaili appeals the district court's[1] grant of summary judgment to the United States, resulting in his denaturalization. We affirm.

_____

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Al-Aqaili is a native of Iraq and became a permanent resident of the United States in 1996. On March 20, 2002, Al-Aqaili filed an application for naturalization with the Immigration and Naturalization Service. During his application process, Al-Aqaili certified at least three times, once under oath, that he had not "knowingly committed any crime or offense, for which [he had] not been arrested." After making these certifications and receiving his naturalization, Al-Aqaili pled guilty in the United States District Court for the Western District of Missouri to knowingly committing the crime of mail fraud between February 25, 2002 and January 14, 2003, the time-frame relevant to his application process in which he certified he had not committed any unlawful acts. Al-Aqaila was subsequently convicted and sentenced.

The United States initiated suit against Al-Aqaili to revoke his citizenship pursuant to 8 U.S.C. § 1451(a) and moved for summary judgment claiming that Al-Aqaili illegally procured his naturalization due to his (1) failure to possess good moral character during the relevant statutory period and (2) willful misrepresentation or concealment of his criminal act. The district court granted the Government's motion on both counts. As a result, Al-Aqaili's admission for citizenship was revoked and his Certificate of Naturalization was cancelled. Al-Aqaili appeals, and we affirm.

We review the district court's grant of summary judgment de novo. Castillo v. Ridge, 445 F.3d 1057, 1060 (8th Cir. 2006). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. The Government has the burden in a denaturalization proceeding to present "clear, unequivocal, and convincing evidence" that the citizenship was illegally procured. United States v. Hansl, 439 F.3d 850, 853 (8th Cir. 2006). Citizenship is illegally procured if an applicant failed to comply with the statutory requirements for naturalization. See Fedorenko v. United States, 449 U.S. 490, 506 (1981).

-2-

One statutory requirement for naturalization is that the applicant must have possessed good moral character during the five-year period prior to the application for naturalization and maintains such character even up to the administration of the oath. 8 U.S.C. § 1427(a); see also 8 C.F.R. § 316.10(a)(1). An applicant lacks good moral character if the applicant "[c]ommitted unlawful acts that adversely reflect upon the applicant's moral character" during the relevant statutory period. 8 C.F.R. § 316.10(b)(3)(iii). Acts involving moral turpitude, such as a crime in which fraud is an ingredient, see Izedonmwen v. I.N.S., 37 F.3d 416, 417 (8th Cir. 1994), adversely reflect upon the applicant's moral character, see 8 C.F.R. § 316.10(b)(2)(i).

Al-Aqaili primarily argues that during the time of his application and naturalization process, he was unaware that he had committed a crime and, thus, did not lack good moral character, present false testimony, or misrepresent or conceal his criminal act. We disagree.

The evidence is clear that Al-Aqaili failed to possess good moral character during the relevant statutory period. In his federal criminal case, Al-Aqaili entered a plea agreement in which he admitted to knowingly committing the crime of mail fraud, a crime Al-Aqaili admits began approximately one month prior to his application for naturalization and continued while his application was pending. Accordingly, Al-Aqaili committed the crime during the period in which he was required to possess good moral character, and it is of no consequence that his conviction occurred after he was already naturalized. See United States v. Jean-Baptiste, 395 F.3d 1190, 1191 (11th Cir. 2005) (holding that "a naturalized citizen who committed certain unlawful acts during the statutory period *prior* to taking the oath of allegiance but for which he was indicted, arrested and convicted *after* naturalization stands to lose his precious acquisition for lack of good moral character"). Moreover, Al-Aqaili's admission that he knowingly committed the crime collaterally estops him from relitigating the issue of whether he knew his conduct was

illegal.  See id. at 1194; see also United States v. Akamo, 515 F. App'x 248, 249 (5th Cir. 2012) (unpublished per curiam); United States v. Suarez, 664 F.3d 655, 663 (7th Cir. 2011).

Because mail fraud without question contains the element of fraud and, thus, is a crime involving moral turpitude, Al-Aqaili's commission of mail fraud during the relevant statutory period of his naturalization process demonstrates that he lacked good moral character and was therefore ineligible for naturalization.  Thus, Al-Aqaili illegally procured his naturalization.[2]

For these reasons, we affirm the judgment of the district court.

_____

---

[2]Having concluded that Al-Aqaili was not eligible for naturalization due to his lack of good moral character, we need not address the other grounds for revocation discussed by the district court, i.e., whether Al-Aqaili made false statements under oath or whether he willfully concealed or misrepresented his criminal acts.