# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

GEORGE CORNEJO,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1155

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

The government sought to revoke George Cornejo's citizenship under 8 U.S.C. section 1451(a) because it maintained he procured citizenship illegally or by concealment of a material fact or by willful misrepresentation. Although he was served with the denaturalization lawsuit, Cornejo did not timely appear. The district court granted summary judgment in favor of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government, stripping Cornejo of his citizenship. Soon after that ruling, Cornejo appeared and unsuccessfully sought to reopen the proceeding for "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). Cornejo appeals both the denial of that motion and the grant of summary judgment.

In September 1996, Cornejo became a naturalized citizen. A few months earlier, during his June 18 interview with an immigration agent, Cornejo said that he had not "knowingly committed any crime for which [he had] not been arrested."

In August 1996, the State of Kansas provided a different answer to that question. It charged that Cornejo had committed two drug offenses on March 20, 1996. Cornejo was detained during a traffic stop that day but was not arrested on the later charges until after he was naturalized. In early 1997, he pleaded guilty to the two charges, which included possession of marijuana with intent to sell.

Almost two decades later, Cornejo was served with the complaint seeking to revoke his citizenship. On counsel's advice, he did not respond or appear. The government filed a motion for summary judgment, which the court granted.

After Cornejo was served with the judgment voiding his naturalization, he hired new counsel and soon moved for relief on the basis of excusable neglect under Rule 60(b)(1). His affidavit, attached to the motion, said the "main reason" he pleaded guilty was that his criminal defense attorney had advised him that pleading would have no immigration consequences. He alleged he "never purposely made any false statements and thought that [he] was answering the truth during [his] naturalization." The district court held a hearing and denied the motion to reopen.

The district court acted within its discretion in denying the Rule 60(b) motion. Motions under Rule 60(b) are directed to the sound discretion of the

district court, and their denial will be set aside only for abuse of discretion. *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir. 1989). We are less inclined to find abuse of discretion in this situation when the court entered summary judgment after considering evidence as opposed to one in which a default judgment was entered. *Id.* at 1472. Cornejo claimed he did not participate in this case because his attorney told him he had no viable defense. He has not shown that advice was mistaken, however, and in any case a mistake "attributable solely to the negligence or carelessness of that party's attorney" will not generally constitute excusable neglect. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *see also Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir. 1993). We will thus not consider the affidavit Cornejo sought to have included in the record through his Rule 60(b) motion.[1]

Because of the unusual posture of this case in which the Rule 60(b) relief was sought only a few days after entry of the final judgment, Cornejo also timely appealed the underlying judgment. The record, however, also supports that ruling.

To revoke citizenship, the government must prove that: (1) the naturalized citizen misrepresented or concealed a fact; (2) the misrepresentation or concealment was willful; (3) the fact was material; and (4) the naturalized citizen procured citizenship as a result of the misrepresentation or concealment. *See Kungys v. United States*, 485 U.S. 759, 767–71 (1988). Cornejo's appeal focuses on materiality. A fact is material if it "was predictably capable of affecting" or "had a natural tendency to affect" the

---

[1] In any event, Cornejo's affidavit does not dispute that he pleaded guilty to the Kansas drug offenses, which, as discussed below, estops him from arguing he did not commit them.

No. 16-20547

determination of whether the applicant met the requirements for citizenship. *Id.* at 771.

To become a naturalized citizen, an applicant must be "a person of good moral character" from five years prior to submitting an application for citizenship until the date of citizenship. 8 U.S.C. § 1427(a). Cornejo's brief focuses on the provision barring an applicant from meeting that standard if he had committed a crime of moral turpitude, 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I), which Cornejo contends his drug offenses were not. But we need not decide that question. An applicant also does not qualify as a person of good moral character if he admits that, during the statutory time period, he committed acts which constitute a violation of "any law or regulation of a State . . . relating to a controlled substance," other than a crime of simple possession of a small amount of marijuana. 8 U.S.C. §§ 1101(f)(3); 1182(a)(2)(A)(i)(II). This is true regardless of whether the applicant is ever arrested or convicted. *See* 8 U.S.C. § 1182(a)(2)(A)(i). At summary judgment, the government established that Cornejo committed such a crime while his application was pending in light of his later guilty plea to the Kansas drug offenses that occurred prior to his interview. To the extent he now alleges otherwise, he is estopped from doing so by his guilty plea. *See In re Grothues,* 226 F.3d 334, 339 (5th Cir.2000); *United States v. Kayode Akamo*, 515 F. App'x 248, 249 (5th Cir. 2012). The omitted fact of his drug crime was therefore material as a crime relating to a controlled substance. Cornejo does not contest this ground for the judgment in his opening brief and has therefore forfeited

No. 16-20547

the issue.[2]  *See Legate v. Livingston*, 822 F.3d 207, 211–12 (5th Cir. 2016); *United States v. Scroggins,* 599 F.3d 433, 446–47 (5th Cir. 2010).

To the extent Cornejo asserts his misrepresentations were not willful, he also forfeited that issue for failure to adequately raise it in his opening brief.

**\* \* \***

The judgment of the district court is AFFIRMED.

---

[2] In a footnote, Cornejo maintains that a violation of Kansas's possession of marijuana with intent to sell law is not an aggravated felony under 8 U.S.C. section 1101(a)(43)(B).  This is beside the point.  The relevant inquiry is not whether Cornejo's crime was an aggravated felony but whether it was a violation of any state law relating to a controlled substance under section 1101(f)(3).