Edwin T. TEAL and Hilde Teal,
Plaintiffs–Appellants,

v.

EAGLE FLEET, INC. et al.,
Defendants–Third Party
Plaintiffs,

v.

PENROD DRILLING CORPORATION,
Third Party Defendant–Appellee.

No. 90–4843
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 1991.

---

342

Anthony D. Moroux, Moroux, Domengeaux, & Davis, Lafayette, La., for plaintiffs-appellants.

William B. Schwartz, William Daniel Wellons, Burke & Mayer, New Orleans, La., for Penrod Drilling Corp.

Before GOLDBERG, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

Edwin Teal and his wife seek to appeal the district court's denial of motions seeking to set aside a settlement agreement the Teals entered into with Penrod Drilling Corporation ("Penrod"). The district court denied these various motions on procedural grounds. The Teals also contest the district court's decision to grant Penrod's motion to dismiss for failure to state a claim, arguing that the district court erred in dismissing Penrod without first addressing the merits of the settlement agreement. Because we find that the issue of the validity of the settlement agreement was never properly before the district court, we affirm.

## I. FACTS AND PROCEEDINGS BELOW

This action arises out of an accident in which Edwin Teal, a roustabout employed by Penrod, was injured when a crane operator on a Penrod jackup rig lowered him from a personnel basket onto the M/V AMERICAN EAGLE, a vessel owned and operated by Eagle Fleet, Inc. ("Eagle"). On August 20, 1986, Teal and his wife entered into a settlement agreement with Penrod. Under the terms of the settlement agreement, the Teals retained their rights to sue Eagle.

Subsequent to entering into their settlement agreement with Penrod, the Teals brought this action against Eagle and the M/V AMERICAN EAGLE. On August 1, 1989, Eagle filed a third party complaint against Penrod, tendering Penrod to the Teals pursuant to Federal Rule of Civil Procedure 14(c). Eagle also filed a motion to set aside the settlement between the Teals and Penrod, arguing that the district court should declare this agreement invalid

because Penrod procured it through over-reaching and without obtaining the Teals' full understanding of its content and consequences.

Penrod timely filed an answer to Eagle's third party complaint and also filed a motion to dismiss, asserting lack of jurisdiction and, alternatively, failure to state a claim upon which relief could be granted. Subsequently, the district court denied Eagle's motion to set aside the settlement, finding that Eagle lacked standing to attack the settlement agreement because it was not prejudiced by the settlement. On October 27, 1989, Eagle filed a motion for reconsideration, arguing that it had standing to challenge the settlement agreement because it would suffer legal prejudice if the court failed to reduce its liability to the Teals by the amount of Penrod's liability. Eagle's motion for reconsideration was set for hearing on December 12, 1989. Two months after this scheduled hearing date, the Teals filed a memorandum in support of Eagle's motion for reconsideration.

On February 26, 1990, the Teals filed their first motion to set aside the settlement. When the Teals filed this motion, the trial was set for March 19, 1990. The court's standard pretrial order specifically stated that all dispositive motions must be filed sixty days prior to the pre-trial date. On March 13, 1990, the court entered an order denying both Eagle's motion for reconsideration and the Teals' motion to set aside the settlement. The court held that Eagle would not be prejudiced by the settlement with Penrod because the court would apportion damages pro rata in accordance with *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979). The district court denied the Teals' motion to set aside the settlement as "obviously" untimely.

In an order dated March 16, 1990, the district court addressed Penrod's motion to dismiss. The court held that it did have subject matter jurisdiction over Penrod because the Teals properly invoked admiralty jurisdiction, and therefore Eagle properly tendered Penrod to the plaintiffs pursuant to Rule 14(c). Nevertheless, the court granted Penrod's motion to dismiss for failure to state a claim, finding that Penrod had already settled with the Teals and Eagle was not prejudiced by that settlement.

On March 29, 1990, the Teals filed a motion for reconsideration of the court's order refusing to set aside the settlement agreement, arguing once again that the Teals did not understand the nature of the settlement agreement, and also arguing that Penrod had breached the agreement. The Teals attached to this motion for reconsideration certain exhibits and an affidavit from Teal which had not previously been submitted to the court. The district court denied the Teals' motion for reconsideration, noting that they could have presented the additional evidence in their first motion and, therefore, relief was not available under a motion to reconsider.

Prior to the district court's denial of their motion for reconsideration, the Teals settled their claim with Eagle for an undisclosed sum and, upon the district court's denial of the Teals' motion for reconsideration, the matter was dismissed. The Teals subsequently filed this appeal, arguing that the district court erred when it dismissed the Teals' claims against Penrod without addressing the validity of the settlement agreement.

## II. DISCUSSION

### A. *Jurisdiction*

Penrod argued in the district court, and argues now on appeal, that the district court never properly acquired jurisdiction over it. According to Penrod, the Teals' failure to specifically plead their cause as one arising under Rule 9(h), Fed.R.Civ.P., precluded Eagle from filing a Rule 14(c) [1]

---

1. Third party claims under Rule 14(c) are only available in admiralty or maritime claims. Fed.R.Civ.P. 14(c). Rule 14(c) allows a defendant to implead a third party who he claims is "wholly or partly liable, either to the plaintiff or to

demand against Penrod. Rule 9(h) provides in pertinent part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c). . . .

Fed.R.Civ.P. 9(h). The Teals titled their complaint as follows: "COMPLAINT WITHIN THE ADMIRALTY AND MARITIME JURISDICTION PURSUANT TO THE GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA. . . ." Their complaint goes on to state that: "This case is cognizable under the admiralty and maritime jurisdiction pursuant to the General Maritime Law of the United States of America, 28 U.S.C. [§] 1333 and diversity of citizenship. . . ." In addition, the Teals pled an *in rem* action against the M/V AMERICAN EAGLE.

■ Although the Teals' complaint did not specifically invoke Rule 9(h), this court has held that a case cognizable under both admiralty and diversity jurisdiction will be treated as an admiralty action if the plaintiff asserts "a simple statement asserting admiralty or maritime claims." *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir.), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *cf.* 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1313 at 719 (1990) (preferred technique is to expressly invoke Rule 9(h)). Therefore, under our jurisprudence, a party need not make a specific reference to Rule 9(h) in order to fall under our admiralty jurisdiction. *See Durden v. Exxon Corp.,*

803 F.2d 845, 848–50 (5th Cir.1986); *T.N.T. Marine,* 702 F.2d at 586–88.

■ In *T.N.T. Marine* and *Durden,* the plaintiffs asserted both admiralty and diversity jurisdiction. In addition, in both cases *in rem* actions were pled against the vessel involved. Although neither plaintiff's complaint specifically mentioned Rule 9(h), both complaints contained simple statements asserting admiralty or maritime claims or jurisdiction. Consequently, in both cases this court held that the plaintiff had properly invoked admiralty jurisdiction. *See T.N.T. Marine,* 702 F.2d at 587; *Durden,* 803 F.2d at 850; *cf. Bodden v. Osgood,* 879 F.2d 184, 186 (5th Cir.1989) (where complaint alleged suit brought under admiralty and general maritime laws, but where suit was filed in state court which lacked jurisdiction and plaintiff failed to object to defendant's removal to federal court solely on diversity grounds, no admiralty jurisdiction). Because this court finds that the Teals properly invoked admiralty rules and procedures in their original complaint, we hold that Eagle properly tendered Penrod to the plaintiffs pursuant to Rule 14(c).

### B. *The Settlement Agreement*

In the district court, the Teals moved to set aside their settlement with Penrod, arguing that the court should declare this agreement invalid because it was procured through overreaching and without the Teals' full understanding of its content and consequences. We hold that the district court correctly denied this motion because the Teals did not timely contest the settlement agreement. It is well established that seamen, like Teal, are wards of admiralty whose rights federal courts are duty-

---

[himself] . . . on account of the same transaction, occurrence, or series of transactions or occurrences." *Id.* Where such a demand is made, Rule 14(c) provides that "the third-party defendant shall make his defenses to the claims

of the plaintiff . . . and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff." *Id.*

bound to jealously protect. *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1160–61 (5th Cir.1985); *see also Garrett v. Moore–McCormack Co.*, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). In addition, this court has long recognized that courts must be particularly vigilant to guard against overreaching when a seaman purports to release his right to compensation for personal injuries. *See, e.g., Wink v. Rowan Drilling Co.*, 611 F.2d 98, 100 (5th Cir.) ("releases or settlements involving seaman's rights are subject to careful scrutiny"), *cert. denied*, 449 U.S. 823, 101 S.Ct. 84, 66 L.Ed.2d 26 (1980).

■ It does not follow, however, that a district court must independently reject a settlement agreement which has not been attacked by a party to the agreement with standing to object. *Bass*, 749 F.2d at 1160 n. 10, 1161 n. 12. Although a district court may have inherent authority to *sua sponte* raise the validity of a seaman's release, a court is certainly not required to do so. *Id.* Therefore, the district court was not required to independently inquire into the merits of the Teals' settlement with Penrod unless the issue was raised in a timely manner by a party to the agreement, i.e. the Teals.

The Teals' first formal challenge to the settlement was not filed until February 28, 1990, even though more than four months earlier the district court specifically pointed out in its ruling denying Eagle's motion to set aside the settlement that Eagle lacked standing to attack the validity of the settlement and that the Teals had not filed any pleadings attacking the settlement. In their memorandum in support of Eagle's motion for reconsideration, filed February 12, 1990, the Teals merely sought application of the dollar for dollar allocation doctrine, *see Hernandez v. M/V RAJAAN*, 841 F.2d 582 (5th Cir.1988), and alternatively suggested that the court examine the settlement. On February 28, 1990, the Teals filed their first independent motion to set aside the settlement agreement.

■ When both of these pleadings were filed, the trial of this matter was scheduled for March 19, 1990. According to the district court's standard pretrial order concerning deadlines, all dispositive motions had to be filed no later than sixty days prior to the pre-trial date. The district court enjoys broad discretion in controlling its own docket. *Edwards v. Cass County, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). Since the Teals made no showing that their delay in challenging the settlement was warranted, the district court's denial of the motion as untimely was well within the court's discretion. The district court should not be obliged to interrupt the orderly proceedings of its docket to rule on this issue when the Teals could have easily presented these matters earlier. *Id.* at 275–76.

■ The district court subsequently addressed Penrod's motion to dismiss. After correctly finding that admiralty jurisdiction was properly invoked, the court ruled that since Penrod settled with the Teals before Eagle instituted the third party action against Penrod, the Teals no longer had a cause of action against Penrod. This was correct because even though the Teals were not barred from contesting the validity of the settlement, they had not exercised this right in a timely fashion. Furthermore, in the absence of a direct attack on the settlement agreement, when the "plaintiff settles with and grants a release as to one or more [defendants], reserving his rights against the remaining [defendants], the settling defendants are relieved of any further liability to the plaintiff." *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246, 1248 (5th Cir.1979). Therefore, since Eagle nor the Teals did not assert a timely valid claim against Penrod, the district court correctly granted Penrod's motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6).

The trial scheduled for March 19, 1990, never occurred because after the court dismissed Penrod, the Teals settled their claim with Eagle. After the district court dismissed Penrod, the Teals filed a motion to reconsider and set aside the settlement, arguing that they did not have a full understanding of the effect of the agreement when they signed it, and arguing that Penrod had breached the settlement agreement. The Teals attached to this motion for reconsideration certain exhibits and an affidavit from Teal which had not previously been submitted to the court. The district court also denied this motion on procedural grounds.

As the district court correctly noted, the Federal Rules of Civil Procedure do not specifically provide for a "motion for reconsideration." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). This court has held, however, that such a motion which challenges the prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).[2] Since the district court had already dismissed Penrod from the action when the Teals filed their motion for reconsideration, we find that this motion essentially challenged the court's judgment in dismissing Penrod. Since this motion was filed more than ten days after the rendition of the judgment dismissing Penrod, it falls under Rule 60(b). *Lavespere*, 910 F.2d at 173.[3]

Under Rule 60(b), in order to prevail the Teals must have demonstrated that the evidence in support of their motion to reconsider was not presented in their original motion to upset the settlement due to: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards. *Lavespere*, 910 F.2d at 173; *see also Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir.1989).

In their motion for reconsideration, the Teals did not even attempt to explain why their new evidence could not have been brought as part of their initial motion to set aside the settlement. Indeed, the district court's careful review of the new evidence revealed that all of the evidence was available at the time the Teals filed their first motion. Therefore, the district court did not abuse its discretion when it denied the Teals' motion for reconsideration.

## III. CONCLUSION

For the above-stated reasons, we AFFIRM the decision of the district court.

AFFIRMED.

---

**2.** *Id.*; *see also Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir.) (*en banc*), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

**3.** Whether this court treats the motion under Rule 59(e) or Rule 60(b) depends on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *Lavespere*, 910 F.2d at 173; *Harcon Barge*, 784 F.2d at 667.