977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur FRANKLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3319.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Arthur Franklin, pro se, appeals the district court's order denying his motion for reconsideration of the court's prior order denying his motion to vacate his sentence, which he filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December of 1987, Franklin pled guilty to conspiring to distribute and possession with intent to distribute multi-kilograms of cocaine. He was sentenced to ten years imprisonment on both counts, to be served concurrently, and was ordered to pay a $50 special assessment on both counts. This sentence was later amended to include a mandatory three-year special parole term on one count.
 
 
 3
 In a memorandum opinion filed December 19, 1991, the district court dismissed Franklin's current action pursuant to Rule 9(b) of the Rules Governing § 2255 Cases. The district court determined that Franklin had filed two previous actions under § 2255 in which he could have raised the ground he raises in his most recent petition, specifically that his conviction was obtained by a plea of guilty which was unlawfully induced.
 
 
 4
 Subsequently, Franklin filed a "Motion for Reconsideration and/or Motion to Alter or Amend Judicial Determination Pursuant Under Federal Rules of Civil Procedure 60(a)." The district court considered this motion for reconsideration, finding that the motion was based on the argument that the district court had incorrectly docketed one of his prior actions as a § 2255 motion, when in fact, it was a suit challenging the forfeiture of Franklin's automobile in the underlying criminal proceeding. However, the district court recognized that, even if such "clerical" error were to be corrected, there remained at least one habeas proceeding prior to the motion now under consideration, in which the petitioner could have raised the ground he now presents in support of habeas relief. Therefore, the district court found the petitioner's motion for reconsideration without merit and denied it by order filed March 10, 1992.
 
 
 5
 On appeal, Franklin admits that he has filed at least one prior § 2255 motion by which the issue he now presents could have been raised, but was not. However, Franklin argues that this omission should be overlooked as "excusable neglect" because of his pro se status. Franklin also argues that the district court did not comply with its own order to correct the docket sheet, pursuant to Fed.R.Civ.P. 60(a), to reflect that one of his prior actions was one challenging a civil forfeiture rather than a motion to vacate his sentence under § 2255.
 
 
 6
 Franklin moved to "alter or amend" the judgment, which request is normally made pursuant to Fed.R.Civ.P. 59. However, Franklin failed to serve such motion within ten days after the entry of judgment and, therefore, his motion for reconsideration will be construed as one made under Fed.R.Civ.P. 60(b). See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam). The motion for reconsideration cannot be construed as one under Rule 60(a) because the motion attacks the district court's judgment as well as requesting correction of a clerical error. Upon review, this court concludes that the district court properly denied Franklin's motion.
 
 
 7
 A party may seek relief from judgment under Rule 60(b) pursuant to one of the six clauses specified under that Rule. Other than cases involving exceptional or extraordinary circumstances that may justify relief from a judgment under Rule 60(b)(6), an abuse of discretion standard applies to a decision rendered under any other subsection within Rule 60(b). In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Servs., 776 F.2d 1330, 1332 (6th Cir.1985). A Rule 60(b) motion cannot be used as a substitute for an appeal and, thus, does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 8
 In this case, Franklin argues that after the docket entry mischaracterizing one of his prior actions as a § 2255 motion is corrected, the district court should find that his current motion to vacate his sentence is not a "successive" motion under the Rules Governing § 2255 Cases. However, as correctly noted by the government and by the district court, the corrected docket would still leave one prior § 2255 action remaining in Franklin's history of litigation. It cannot be said that the district court abused its discretion in denying the Rule 60(b) motion, because the court found that Franklin could have brought the ground he now raises in that particular prior request for habeas relief.
 
 
 9
 Accordingly, the district court's order denying Franklin's motion for reconsideration under Fed.R.Civ.P. 60(b) is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.