979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chris Allen BLOSSER, Plaintiff-Appellant,
Tim Spencer, Plaintiff,
v.
James YARBOROUGH; Roger Gillespie; Leroy Edmonds; James
Sandborn; James Roberts; Pete Vidor; Dana
Walters; Patricia Fitzner; Larry Ford,
Defendants-Appellees.
 No. 92-1768.
 
 1
 Sixth Circuit.
 
 
 2
 Nov. 18, 1992.
 
 
 3
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, District Judge.*
 
 ORDER
 
 4
 Chris Allen Blosser, a pro se Michigan prisoner, appeals a district court order denying his post-judgment motion construed as filed under Rule 60(b), Federal Rules of Civil Procedure. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking declaratory, injunctive, and monetary relief, Blosser filed a civil rights complaint under 42 U.S.C. § 1983 suing several Michigan correctional officials in their individual and official capacities. Blosser essentially alleged that the defendants failed to insure his safety while he was incarcerated at the Michigan Training Unit. As a result of their refusal to insure his safety, he was assaulted on December 17, 1988, along with Tim Spencer. Blosser's complaint was subsequently amended to include Spencer as a plaintiff.
 
 
 6
 Defendants filed a motion for summary judgment which plaintiffs opposed. A magistrate judge recommended that summary judgment be granted to the defendants. Upon de novo review of the magistrate judge's report in light of the plaintiffs' objections, the district court granted summary judgment for the defendants on July 18, 1991. On October 28, 1991, plaintiffs filed a motion for reconsideration under Fed.R.Civ.P. 59(e), which the district court denied.
 
 
 7
 Blosser is the only plaintiff to file a timely appeal from the district court's order. On appeal, Blosser raises a plethora of issues challenging the district court's underlying judgment.
 
 
 8
 Initially, it is noted that we construe Blosser's post-judgment motion as filed under Fed.R.Crim.P. 60(b) because it was not timely served within ten days after the entry of the district court's final judgment, which is necessary for it to be construed as a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 9
 We review an order denying relief pursuant to Fed.R.Civ.P. 60(b) for abuse of discretion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 10
 We conclude that the district court did not abuse its discretion in denying Blosser's motion. Blosser's motion merely sought to rehear his case and failed to present any arguments satisfying the requirements of Rule 60(b). As such, the district court did not abuse its discretion in denying Blosser's request for relief. Id. Blosser simply cannot argue the substance of his complaint on appeal from the denial of his Rule 60(b) motion. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 11
 Accordingly, we hereby affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief U.S. District Judge for the Northern District of Ohio, sitting by designation