9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald A. GIBSON, Plaintiff-Appellant,
v.
The CITY OF DETROIT; Coleman A. Young, Mayor; Detroit City
Council; John Campbell, Detroit Police
Investigator; William L. Hart, Chief, Defendants,
Lapum, Sgt., Detroit Police, 8th Precinct; Joseph M.
Stephenson, Police Officer, badge # 5130; Perry
Suggs, Police Officer, badge # 4566,
Defendants-Appellees.
 
 No. 93-1390.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald A. Gibson appeals the summary judgment for the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gibson sued the defendant police officials and other officials of the City of Detroit alleging that he was wrongfully arrested following a domestic dispute with his daughter. Gibson specified that defendants were "at all times mentioned acting within the course, scope and authority of the City of Detroit." Gibson sought only damages in excess of $15,000. The district court dismissed the complaint with respect to all defendants except the defendant police officials, and Gibson does not appeal these rulings. Ultimately, the district court granted summary judgment for the defendant police officials, concluding that plaintiff's claim is barred under the applicable statute of limitations. Thereafter, the district court denied plaintiff's motion for reconsideration of the judgment.
 
 
 3
 Initially, it is noted that the district court's judgment is properly before this court for review. Plaintiff's motion for reconsideration of the merits of the district court's judgment, although styled as brought pursuant to Fed.R.Civ.P. 60(b), was served within 10 days of judgment. Therefore, the motion is best construed as a time-tolling Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989); Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam). A timely Fed.R.Civ.P. 59(e) motion tolls the appeal period. Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam). Plaintiff filed his notice of appeal taken from the underlying judgment within the appeal period beginning with the denial of his motion for reconsideration. Thus, jurisdiction before this court is proper.
 
 
 4
 Upon consideration, we find that the district court properly held that plaintiff's claim is time-barred because it was filed beyond the statutory period taken from the date of his arrest, see McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir.1988), and plaintiff has cited nothing which would operate to toll the limitations period. See Gomez v. Great Lakes Steel Div. Nat'l Steel Corp., 803 F.2d 250, 253-54 (6th Cir.1986).
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.