19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deborah L. RYKER, Plaintiff-Appellant,
v.
ABBOTT LABORATORIES, Defendant-Appellee.
 No. 93-1969.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: RYAN and NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Deborah Lee Ryker, a pro se Michigan resident, appeals a district court judgment denying her post-judgment motion that is construed as a motion to vacate filed under Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ryker filed a lawsuit in the Michigan state court alleging that she was wrongfully fired from her employment with the defendant on May 24, 1990. She claimed that she was wrongfully terminated without good cause and in violation of the Michigan Whistleblowers' Protection Act (WBPA), Mich.Comp.Laws Sec. 15.361. The case was removed to federal court based on diversity jurisdiction. In her lawsuit, she alleged that she was fired for reporting health and safety violations at Abbott Laboratories. She also alleged that she was terminated in violation of an implied contract that she could be terminated only for just cause and that no just cause existed for her termination.
 
 
 4
 The district court granted defendant's summary judgment motion and dismissed the case on April 22, 1992. Ryker filed a motion for reconsideration on May 27, 1992, which appears to have been served at the earliest on May 15, 1992, which is the date she signed the motion. The district court denied plaintiff's motion for reconsideration on June 1, 1993, and she filed a notice of appeal on July 1, 1993.
 
 
 5
 On appeal, Ryker does not contest her termination under the WBPA. We thus consider the claim abandoned and not reviewable on appeal. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). For the first time on appeal, Ryker argues that her employment termination also violated the 1964 Civil Rights Act, Michigan's Elliott-Larsen Civil Rights Act, the doctrine of promissory estoppel, and breached an implied covenant of good faith and fair dealing. Ryker also seeks to include new evidence in support of her case that was not presented to the district court. The court will not address these issues because they were not initially raised in the district court, and no exceptional circumstances exist warranting review. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 6
 We further conclude that Ryker's post-judgment motion to reconsider must be construed as a motion to vacate the district court's judgment filed under Fed.R.Civ.P. 60(b). This is so because the motion to reconsider did not act to toll the appeal time under Fed.R.App.P. 4(a)(4) as it was not timely served within ten days of the entry of the district court's judgment. See Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104 (6th Cir.1985); Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). The judgment dismissing the complaint was entered on April 22, 1992, yet the motion to reconsider was served, at the earliest, on May 15, 1992, when Ryker signed the motion. We note that no certificate of service accompanies the motion. With the exclusion of weekends and holidays, Ryker had until May 6, 1992, to serve her motion in order to toll the appeal time under Fed.R.App.P. 4(a)(4). As it was not timely served, it did not act to toll the appeal time which expired on May 22, 1992. Nonetheless, the court does have jurisdiction over this appeal if the court construes the motion to reconsider as a motion to vacate filed under Fed.R.Civ.P. 60(b). See United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir.1992); Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam); Peake, 717 F.2d at 1020.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Ryker's motion to vacate. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993); In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation