IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20014
Summary Calendar
_____


WILMER F. TREMBLE, JR.,

                            Plaintiff-Appellant,

v.

GENERAL DYNAMICS INC.,

                            Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
(H-91-CV-2106)
_____
(July 25, 1995)

Before KING, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Wilmer F. Tremble, Jr., filed a complaint alleging that his employer, General Dynamics, Inc., had terminated his employment based upon his race in violation of Title VII of the Civil Rights Act of 1964. The district court dismissed Tremble's case for want of prosecution pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, but later granted Tremble's motion for reinstatement. General Dynamics then moved the court to

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

reconsider its order of reinstatement and also moved the court for summary judgment. The district court granted both of these motions simultaneously. In his brief on appeal, Tremble addresses only the court's order reconsidering its order of reinstatement. We affirm that order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 1992, the district court dismissed Tremble's complaint *sua sponte* and without prejudice due to a want of prosecution pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.[1] On October 4, 1993 -- over twenty months after the district court's dismissal under Rule 4(j) -- Tremble filed a motion asking the district court to reinstate his case. Specifically, Tremble informed the court via a sworn document that his case had been dismissed on January 1, 1993 and averred that his failure to effect service upon the defendant within the

---

[1] Rule 4(j) has since been amended and redesignated as Rule 4(m). The revised rule became effective on December 1, 1993. Former Rule 4(j) states:

> **(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . . .

FED. R. CIV. P. 4(j) (1992).

requisite 120 day period "was not intentional or the result of conscious indifference but can be explained, in that Plaintiff's attorney was disbarred and incarcerated." There is no evidence in the record that General Dynamics was aware of Tremble's motion to reinstate. On December 12, 1993, the district court granted Tremble's motion for reinstatement, although it did not cite its source of authority for doing so.

On June 28, 1994 -- nearly three years after Tremble had filed his original complaint -- General Dynamics was served with a summons notifying it of Tremble's suit. On August 19, 1994, General Dynamics filed a motion asking the district court to reconsider its order of reinstatement, asserting that reinstatement was untimely under Rule 60(b)(1) of the Federal Rules of Civil Procedure or alternatively, that Rule 60(b)(6) did not justify relief.[2] In addition, on the same day that it filed

_____

[2] Rule 60(b) states in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1),

3

its motion for reconsideration, General Dynamics filed a motion for summary judgment "subject to and without waiving its Motion for Reconsideration . . . . "  Specifically, General Dynamics argued that it was entitled to summary judgment both on the merits and because the applicable statute of limitations had expired.  In support of its motion for summary judgment, General Dynamics proffered several affidavits of employees which stated that Tremble had been fired in accordance with standard company procedures because of repeated disciplinary and performance problems, not because of his race.  Tremble never responded to General Dynamics' motion for summary judgment or its accompanying affidavit evidence.

On December 14, 1994, the district court granted both the motion for reconsideration and the motion for summary judgment.  On January 6, 1995, Tremble filed a timely appeal to this court.

## II.  ANALYSIS

The district court's simultaneous granting of General Dynamics' motions for reconsideration and for summary judgment is inherently inconsistent.  On the one hand, the grant of the motion for reconsideration resulted in a reinstatement of the court's earlier order of dismissal for want of prosecution and

---

(2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. . . .

FED. R. CIV. P. 61(b).

4

was without prejudice.[3]  On the other hand, the grant of the motion for summary judgment, being an adjudication on the merits, was *with* prejudice.  As Tremble challenges only the district court's grant of the motion for reconsideration, we shall proceed to address this issue, assuming arguendo that granting the motion to reconsider left the district court without power to grant a motion for summary judgment.[4]

A motion to reconsider, when filed more than ten days after the rendition of a judgment, is construed as a motion for relief from judgment pursuant to Rule 60(b) and is reviewed under an abuse of discretion standard.  Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of the[] Rule 60(b) standards."  Id.  In the case at hand, Tremble's motion for reinstatement, having been filed more than ten days after the initial dismissal of Tremble's suit, is likewise construed as a Rule 60(b) motion for relief from

---

[3] We note, however, that because this case involves Title VII, which imposes a 90-day limitations period upon plaintiffs, the practical effect of the district court's dismissal for want of prosecution (and *a fortiori* its subsequent granting of General Dynamics' motion to reconsider) was with prejudice.

[4] If we assume the opposite-- that the district court granted the summary judgment motion prior to the motion for reconsideration-- Tremble fares no better because his brief does not challenge the grant of summary judgment and therefore any argument he may have with regard to this issue is waived on appeal.  Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.) ("An appellant abandons all issues not raised and argued in its initial brief on appeal."), cert. denied, 115 S. Ct. 189 (1994) ; accord Pan E. Exploration Co. v. Hufo Oils, 855 F.2d 1106, 1124 (5th Cir. 1988).

judgment. Pursuant to Rule 60(b), there are only six grounds for relief from judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or an underlying judgment has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment. See FED. R. CIV. P. 60(b). Rule 60(b) explicitly provides that for reason one, two, or three, the motion "shall be made . . . not more than one year after the judgment, order, or proceeding was entered or taken." Id. If the motion for relief is based upon reason four, five, or six, however, there is no requirement that it be made within one year.

Tremble argues that the district court appropriately granted his motion for reinstatement because his "attorney was solely at fault for the failure to obtain service on the defendant." Specifically, Tremble claims that because his attorney was disbarred, he was unexpectedly unable to effect timely service upon General Dynamics, and is therefore entitled to relief pursuant to Rule 60(b).

General Dynamics contends that Tremble was not entitled to relief under Rule 60(b) because his motion for reinstatement was filed over one year after the original motion to dismiss for want of prosecution. Alternatively, General Dynamics argues that if the one year time limit provided for in Rule 60(b) is not

6

applicable, the district court erred in granting the motion to reinstate because Tremble's motion to reinstate contained material misrepresentations.  Specifically, Tremble's motion to reinstate stated that his suit was "dismissed on January 1, 1993, for want of prosecution," when in fact Tremble's suit was dismissed much earlier, on January 20, 1992.

It is clear that, although the district court did not cite a specific source of authority for granting Tremble's motion to reinstate, it was relying on either Rule 60(b)(1) ("mistake inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reasons justifying relief from the operation of the judgment").  The question before us, therefore, is whether the district court abused its discretion in determining that Tremble was not entitled to reinstatement under either of these two provisions.

With regard to Rule 60(b)(1), it is clear that Tremble's motion to reinstate, which was filed on October 4, 1993, was untimely.  Rule 60(b) explicitly provides that relief from judgment may be granted under subsection (1) only if the motion for relief is filed within one year of the judgment.  In the case at hand, the judgment (i.e., the dismissal for want of prosecution), occurred on January 20, 1992-- over one year and eight months prior to Tremble's motion for reinstatement.  Thus, the district court did not abuse its discretion in determining that Tremble was not entitled to relief from judgment under Rule 60(b)(1).

7

With regard to Rule 60(b)(6), we do not think that the district court abused its discretion in determining that Tremble was not entitled to relief because, even assuming that his failure to effect timely service was due to his attorney's disbarment, Tremble's motion for reinstatement clearly misrepresented the date upon which his suit was dismissed. Relief pursuant to subsection (6) is discretionary, and such discretion is certainly not abused when a court declines to exercise its discretion in favor of a party who misrepresents material facts to the court.

## III. CONCLUSION

For the foregoing reasons, the order of the district court granting General Dynamics' motion for reconsideration, thereby reinstating the district court's earlier dismissal of this case, is AFFIRMED.