94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY 2918 BURNS, DETROIT, MICHIGAN and all
Improvements, Fixtures and Appurtenances, and the
Contents Thereof, Defendant,
Lonnie L. Griffin, Claimant-Appellant.
 
 No. 95-1922.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Lonnie L. Griffin, a federal prisoner proceeding pro se, appeals a district court order denying his "motion for return of property/reconsideration" filed in this civil forfeiture action under 21 U.S.C. § 881. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Griffin's campaign to recover his real and personal property, forfeited as drug proceeds, has had a long and complex history, which was summarized by the district court in its opinion and need not be repeated here. Briefly, the real property in question and its contents were forfeited as drug proceeds, pursuant to 21 U.S.C. § 881(a)(6), by a 1990 default judgment. Griffin had failed to file a verified claim to the property, although he has filed several unsuccessful motions seeking the return of the property in the years since then. In 1991, Griffin was sentenced to life in prison following his conviction on various drug and firearm offenses.
 
 
 3
 In his present motion, Griffin requested the district court to reconsider its orders of April 16, 1992, March 16, 1994, and June 2, 1994, on the basis of intervening law which, he asserted, required the district court to hold a probable cause hearing on the forfeiture of his property. He further argued that the forfeiture in addition to his criminal conviction violated the Double Jeopardy Clause, that a handwriting exemplar ordered in his criminal trial was used to link him to the purchase of 2918 Burns in violation of the Fifth Amendment, and that he had shown sufficient interest in the property to excuse his failure to file a verified claim. The district court denied this most recent attempt by Griffin to achieve the return of his property in an opinion and order filed on July 31 and entered on August 3, 1995. The district court relied on this court's order of December 13, 1994, which affirmed the previous denial on res judicata grounds. In addition, the district court concluded that Griffin's motion was untimely and that this court's decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), precluded his double jeopardy argument.
 
 
 4
 On appeal, Griffin argues that: (1) the district court lacked jurisdiction to order the seizure and subsequent forfeiture of his real property under § 881(a)(6); (2) the district court erred by not affording Griffin a post-seizure/post-forfeiture hearing to determine probable cause, and (3) remand for further findings of fact is required to determine which of Griffin's property was alleged to have been forfeited as "proceeds" and which was alleged to have been "used" in violation of the statute. Griffin has filed motions to proceed in forma pauperis on appeal, for the appointment of counsel, and to hold this appeal in abeyance pending the disposition of another case pending in district court which is "intrinsically intertwined" with this case.
 
 
 5
 Upon review, we conclude that the district court did not err in denying Griffin's latest motion for reconsideration which, because it was filed more than ten days after entry of the orders appealed from, is properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). The district court's order is reviewed for abuse of discretion, In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986), and the underlying judgment is not reviewed. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). A party may seek relief from a judgment pursuant to one of the six clauses specified under Rule 60(b). The residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). There are no exceptional circumstances in this case.
 
 
 6
 Griffin first argues on appeal that the district court lacked jurisdiction to order the seizure and forfeiture of his real property under § 881(a)(6) because only § 881(a)(7) provides for the forfeiture of real property. This argument was not presented to the district court and will not be considered for the first time on appeal. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). In any event, the argument is completely meritless. This court has held that real property, as well as personal property, is subject to forfeiture under § 881(a)(6). See United States v. Premises Known as 8584 Old Brownsville Road, 736 F.2d 1129, 1130-31 (6th Cir.1984).
 
 
 7
 Griffin next argues that the Supreme Court's holding in United States v. James Daniel Good Real Property, 510 U.S. 43 (1993), requires that a post-forfeiture probable cause hearing be held to determine if his property was subject to forfeiture. An examination of that case reveals that it requires no such thing in this case. In James Daniel Good Real Property, the government seized the claimant's property without notice or a hearing. It has long been established that Griffin did receive notice of the seizure and intended forfeiture of his property. If he had filed a verified claim as required, a hearing would have been held. Because it is undisputed that Griffin did not file such a claim, he cannot at this late date be heard to complain about the lack of a hearing. Moreover, that argument was litigated and lost by Griffin in a prior motion and the district court properly found that it is barred by res judicata. As this court previously held, "Griffin's claims are barred because he had a full and fair opportunity to litigate his claims in the earlier forfeiture proceedings." United States v. Real Property 2918 Burns, No. 94-1584, 1994 WL 698003, at ** 1 (6th Cir. Dec. 13, 1994) (order). For the same reason, we decline to remand this case for further findings of fact.
 
 
 8
 Finally, the district court cited this court's Ursery decision in rejecting Griffin's double jeopardy claim. Because Griffin does not raise his double jeopardy and his Fifth Amendment issues in his brief on appeal, they may be considered abandoned and are, thus, not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Nevertheless, we note that the Supreme Court recently reversed this court's decision in Ursery, holding that in rem civil forfeitures "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2134, 2149 (1996). Thus, there was no double jeopardy violation.
 
 
 9
 Accordingly, the motion to proceed without prepayment of fees is granted for the purpose of this review only. The motions for the appointment of counsel and to hold the appeal in abeyance are denied. The district court's order, entered on August 3, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.