104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. GARRETT, Plaintiff-Appellant,
v.
MOORE McCORMACK RESOURCES, INC.; Pickands Mather & Co.,
Defendants-Appellees.
 No. 95-3714.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 N.D.Ohio, No. 87-01805; James G. Carr, District Judge.
 N.D. Ohio
 AFFIRMED.
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Robert L. Garrett moves this court to require oral argument and a disclosure of corporate affiliations on appeal from a district court order denying his Fed.R.Civ.P. 60(b) motion for relief from a judgment dismissing his action filed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001-1461. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint and an amended complaint in the district court by counsel in 1987 alleging that his employee welfare plan benefits were discontinued after the defendant corporation (Moore McCormack Resources, Inc.) purchased the defendant corporation for whom he had worked (Pickands Mather & Co.). In 1990, Chief District Judge Lambros entered a judgment dismissing the case after counsel advised the court that the case had been settled. Nearly two years later, plaintiff filed pro se a motion to reopen the case on the grounds that he did not consent to settlement of the case and that documents his attorney was supposed to receive from counsel for defendants were not provided as agreed. Judge Lambros denied the motion, and plaintiff sought and was granted an extension of time in which to file a motion to reconsider the denial of his motion to reopen the case.
 
 
 3
 Plaintiff then filed a motion for an oral hearing on reconsideration in which he reiterated the claims asserted in his motion to reopen the case. Thereafter, Judge Lambros retired from the bench and plaintiff's case was reassigned to the docket of Judge Carr. In 1995, plaintiff renewed his motion for a hearing and his motion to reconsider his motion to reopen his case. Judge Carr denied plaintiff's motions. Plaintiff filed a notice of appeal taken from Judge Carr's order, and this court initially dismissed the appeal as untimely. However, the appeal was reinstated after the district court granted plaintiff's motion to correct the record to reflect that plaintiff's notice of appeal was received in the mail by the district court clerk within the appeal period.
 
 
 4
 First, only Judge Carr's order denying plaintiff's second motion for relief from judgment is before this court on appeal. The district court had no authority to grant plaintiff an extension of time in which to file a time-tolling motion to alter or amend Judge Lambros's order denying plaintiff's first motion to reopen the case. See Fed.R.Civ.P. 6(b); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam). Plaintiff's motion for relief from the district court's post-judgment order is properly construed as filed under Fed.R.Civ.P. 6(b) because it was filed more than ten days after entry of the order. See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam). Therefore, the motion did not toll the period in which plaintiff could have appealed Judge Lambros's order denying his first motion to reopen this case. See Fed.R.App.P. 4(a)(4). Further, plaintiff specified in his notice of appeal that his appeal is taken from that order; therefore, plaintiff may challenge only that order on appeal. See International Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 471 (6th Cir.1991). Accordingly, only Judge Carr's order denying plaintiff's second motion for relief from the underlying judgment is before this court on appeal.
 
 
 5
 Here, plaintiff sought relief from Judge Lambros's denial of his first motion for relief from judgment by asserting the same grounds asserted in the first motion. Thus, plaintiff essentially seeks appellate review of Judge Lambros's order denying his first motion by appealing the denial of his second motion. Although the record and documents appended to appellant's brief reflect some confusion regarding the settlement of plaintiff's case, the district court did not abuse its particularly broad discretion under the circumstances of this case. See McDowell v. Dynamics Corp., 931 F.2d 380, 383 (6th Cir.1991).
 
 
 6
 Accordingly, plaintiff's motions to require oral argument and to require defendants to submit a corporate disclosure statement are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.