IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-30093
Summary Calendar

———

GEORGIA M. KING; DANATUS N. KING,

Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE CO.,

Defendant-Appellee

———

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 1:06-CV-7646

———

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Georgia and Danatus King sued their insurer, Allstate Insurance

Company ("Allstate"), for damages to their property caused by Hurricane Katri-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

na.  The parties entered into a settlement agreement, which the district court approved.  On September 5, 2007, that court, retaining jurisdiction, dismissed the matter without prejudice to the plaintiffs' right to reopen the matter to enforce the agreement.  Forty-eight days later, plaintiffs' counsel contacted Allstate because plaintiffs had not received payment; the check arrived the next day.  Several weeks later, on November 13, 2007, plaintiffs moved to reopen the case and sought penalties, attorney's fees, and costs.  They did not, however, state under which rule of civil procedure they were proceeding.

In light of the fact that plaintiffs cast the standard of review on appeal as abuse of discretion and moved for relief more than ten days after entry of judgment, it appears they were proceeding under Federal Rule of Civil Procedure 60(b).[1]  The only applicable subsection of that rule allows relief from a final judgment for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  This relief will be granted only under "extraordinary circumstances."  Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995).

Plaintiffs rely on LA. REV. STAT. ANN. §§ 22:658 (2008) and 22:1220 (2008) for the proposition that failure to pay an insurance settlement within thirty days entitles the insured to penalties, attorney's fees, and costs.  Instead of creating strict liability for the insurer, however, § 22.658 requires a showing that the insurer was "'arbitrary, capricious, or without probable cause,' a phrase that is synonymous with 'vexatious.'"  Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012, 1021 (La. 2003) (quoting La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So. 2d 1250, 1253 (La. 1993)).  In the district court and

---

[1] See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n.3 (5th Cir. 1991) ("Whether this court treats the motion under Rule 59(e) or Rule 60(b) depends on the time at which the motion is served."); see also Delgado v. Shell Oil Co., 231 F.3d 165, 182 (5th Cir. 2000) ("The standard of review is whether the district court plainly abused its discretion.").  (Both rules currently provide that the date of filing, rather than the date of service, determines the timeliness of the motion.)

on appeal, plaintiffs have failed to offer any proof that Allstate acted arbitrarily, capriciously, or without probable cause. The burden is on plaintiffs to offer such proof, id. at 1020, and they have not.

Plaintiffs' claim under § 22.1220(B)(2) does not demonstrate such "extraordinary circumstances" as to justify reopening the judgment under rule 60(b)(6). Plaintiffs concede that Allstate has paid the agreed settlement amount. The district court's denial of the equitable relief available under rule 60(b)(6) was not "so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

AFFIRMED.