**UNITED STATES of America, Plaintiff,**

v.

**VAHLCO CORPORATION, et al., Defendants,**

**LORELEI CORPORATION, Intervenor–Appellant,**

v.

**GUADALUPE COUNTY, Intervenor–Appellee.**

No. 89–5556.

United States Court of Appeals, Fifth Circuit.

March 9, 1990.

Bruce S. Billings, Limestone, Me., Joseph P. Driscoll, Jr., Quincy, Mass., Drew Littleton, McAllen, Tex., for intervenor-appellant.

Preston H. Dial, Jr., John R. Locke, Jr., and Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, Tex., for intervenor-appellee.

Before CLARK, Chief Judge, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this case, we consider the interests of claimants to ten acres of land situated in or near Seguin in Guadalupe County, Texas.

### Facts and Prior Proceedings

The relevant history of the ten-acre tract begins in the early 1970's when Vahlco Corporation owned the land. In February, 1972, Vahlco executed a note secured by a deed of trust on the property to Seguin Savings Association. In August, 1973, Vahlco executed a note secured by a deed of trust on the property to First National Bank of Seguin. In December, 1973, Vahlco executed another note to FNB Seguin.

In 1974, Vahlco transferred the property to Magnum Machine & Tool Corporation. Magnum's title, of course, was subject to the first lien held by Seguin Savings and the second lien held by FNB Seguin.

In February, 1976, FNB Seguin assigned its second lien to the Small Business Administration. In April, 1976, the SBA sued Vahlco, Magnum, and Frederick H. Vahlsing. In August, 1976, Margarita Oil Company, Ltd. purchased the first lien rights from Seguin Savings. Thus, as of August, 1976, Magnum owned the ten acres subject to a first lien held by Margarita and a second lien held by the SBA. Also, the SBA in the name of the United States had instituted an action on the second lien.

On June 1, 1982, Margarita foreclosed on the first lien and purchased the land at the foreclosure sale. Margarita then sold the tract to Lorelei Corporation on June 4, 1982.

On June 6, 1982, the district court entered judgment in favor of the SBA in the SBA's suit on the second lien. On June 11, the district court vacated the June 6 order and issued an amended judgment. The amended judgment ordered that: (1) the SBA's second lien was foreclosed, (2) the United States Marshal must seize the ten-acre tract for sale at public auction, and (3) the proceeds of sale were to be distributed first to expenses of the sale, second to Margarita in satisfaction of its first lien, third to the SBA's cost of suit, and fourth to the SBA in satisfaction of its judgment.

On July 19, 1982, the district court stayed the order of sale and ordered Margarita and Lorelei:

not [to] dispose of, incumber or otherwise compromise the lien position of the United States of America as evidenced by the June 11, 1982 judgment until such time as the Court holds a hearing to decide the rights and priorities of the parties with respect to their respective interests in said property.

In response, Margarita and Lorelei, on November 18, 1983, filed a motion for hearing challenging the district court's jurisdiction over their interest in the land. The district court did not respond and did not hold a hearing. On October 9, 1984, the district court again ordered the Marshal to sell the property.

Margarita and Lorelei appealed the October 9 order of sale to this Court and requested a stay of the sale pending appeal. The district court granted the stay on November 9, 1984.

Three months after granting the stay, the district court ordered Margarita and Lorelei to post a supersedeas bond. When Margarita and Lorelei refused, the district court lifted the stay. On April 23, 1985, the Marshal sold the land at public auction to Guadalupe County. The Marshal's deed recited that the Marshal transferred to Guadalupe County "all the right, title, interest, and claim which [Vahlco], on the day of the sale, ... had in and to the ... tract of land...."

In an unpublished opinion, we reversed the sale on the ground that the SBA's second lien had been extinguished when Margarita foreclosed its first lien. We then held, however, that Lorelei had become a party to the suit and was divested of its title when it failed to file a supersedeas bond as ordered by the district court. We remanded the case, directing the district court to distribute the proceeds of the Marshal's sale to Lorelei unless cause could be shown for a different disposition.

On remand, Guadalupe County intervened and filed a motion for summary judgment and for reformation of the deed. The district court granted summary judgment for the County and ordered the deed reformed to reflect that it transferred Lorelei's interest. Lorelei appealed the district court's order, but we dismissed the appeal on the ground that there was no final judgment. On April 21, 1989, the district court denied Lorelei's motion for reconsideration and entered a final judgment. It is this judgment that Lorelei appeals.

### Law of the Case

Appellant Lorelei seeks review of the district court's summary judgment declaration that title to the land is vested in Guadalupe County. Essentially, Lorelei asks the Court to adjudicate the title to the land. Examination of the record and our prior panel opinion, however, indicates that the ultimate question of title to the property was before the Court in the earlier appeal. We must, therefore, consider the law of the case doctrine and its effect upon our review in the present appeal.

It is established that "a decision of a legal issue or issues by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal...." *Goodpasture, Inc. v. M/V POLLUX*, 688 F.2d 1003, 1005 (5th Cir.1982), *cert. denied*, 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (1983) (quoting *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir.1967)). It is likewise established that a prior decision does not establish the law of the case if "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Williams v. City of New Orleans*, 763 F.2d 667, 669 (5th Cir.1985) (quoting *White v. Murtha*, 377 F.2d 428, 431).

█ In our prior decision, we held that Margarita's foreclosure of the first lien extinguished the SBA's second lien, that Lorelei obtained title to the ten acres on June 4, 1982, that the record contained no proof that Lorelei was the alter ego of the original mortgagor, and that the district court had no authority to order the sale of Lorelei's property in the suit brought by the SBA. These findings of fact and conclusions of law are not clearly erroneous and have not been undermined by a change in the law. On these issues, therefore, we are bound by our prior decision under the law of the case doctrine.

█ In paragraph seven of our prior decision we held:

Margarita and Lorelei were required to post a supersedeas bond pursuant to Fed.R.Civ.P. 62 by the district court in February, 1985. They failed to do so and did not seek a stay of the order of sale. By this time they were clearly parties to the case and when the property was sold by the Marshal in April of 1985, Lorelei was divested of the title to the property; and the title was then vested in the purchaser, who is said to be Guadalupe County. The proceeds of that sale are in the hands of the court.

Guadalupe County suggests that paragraph seven trumps the rest of the decision and establishes the law of the case in the County's favor. Paragraph seven, however, is not binding as the law of the case because its finding that Lorelei was a party to the suit is clearly in error. Neither Lorelei nor Margarita was named as a defendant in the SBA's suit. Neither Lorelei nor Margarita participated in the trial before the judgment was rendered. The record discloses no service of process on Margarita or Lorelei at any time while the case was in the district court. Furthermore, the district court's docket sheets indicate unequivocally that contrary to the finding in paragraph seven Lorelei was not a party to the SBA suit in February 1985 when Lorelei was ordered to post the supersedeas bond. Lorelei had neither intervened nor been made a party in the district court. Nonetheless, as a non-party affected by the judgment, Lorelei was entitled to appeal in order to protect its interests. *See United States v. Chagra,* 701 F.2d 354, 359 (5th Cir.1983) (citing with approval e.g. *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 602–03 (9th Cir.1978) and *West v. Radio–Keith–Orpheum Corp.,* 70 F.2d 621, 623–24 (2nd Cir.1934), allowing appeals by non-party creditors who assert rights in receivership proceedings; as well as *Brown v. Board of Bar Examiners,* 623 F.2d 605, 608 (9th Cir.1980) and *Commercial Sec. Bank v. Walker Bank & Trust Co.,* 456 F.2d 1352 (10th Cir.1972), allowing appeals by non-parties who are named in injunctions). It would be manifestly unjust for a court to order a property owner not a party to a lawsuit to post a supersedeas bond in the amount of the judgment in the suit to avoid execution upon the property. We must conclude, therefore, that paragraph seven does not establish the law of the case and is not binding on the Court in the present appeal.

█ Bound as we are by the portion of the earlier opinion that establishes the law of the case, we hold that Margarita's June 1, 1982 foreclosure extinguished the SBA's second lien. Lorelei, as transferee of Margarita, took good title that was not divested by the Marshal's sale. Lorelei, therefore, has title to the land. We reverse the district court's grant of summary judgment that awarded title to Guadalupe County.

On remand, the district court shall return to Guadalupe County the proceeds of the Marshal's void sale that are in the registry of the court.

We note that Guadalupe County apparently has made substantial improvements to the land. Lorelei and the County must now decide whether Lorelei will retain title and compensate the County for the improvements, will sell the tract to the County at a negotiated price, or will relinquish the land through condemnation for its current market value without improvements. We reverse for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.