944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duval NEWSOME-EL, et al., Plaintiffs,
Dennis Gray-Bey, Plaintiff-Appellant,
v.
John JABE, et al., Defendants-Appellees.
 Nos. 91-1049, 91-1571 and 91-1665.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 In Case No. 91-1049, plaintiff Dennis Gray-Bey, a pro se Michigan prisoner, appeals the district court's order dismissing the plaintiffs' civil rights complaint filed pursuant to 42 U.S.C. § 1983. In Case No. 91-1571, Kenneth Atkins appeals the district court's order granting the defendants' motion for costs. In Case No. 91-1665, Kenneth Atkins appeals the district court's order denying plaintiffs in forma pauperis status on appeal. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Duval Newsome-El, Archie Harris-Bey and Kelvin Johnson-Bey sued several Michigan correctional personnel in their individual and official capacities, alleging violations of their first, eighth, and fourteenth amendment rights. The alleged violations arose out of an incident at the State Prison for Southern Michigan (SPSM) involving several hundred prisoners conducting a prayer vigil.
 
 
 4
 Following the filing of the complaint, the plaintiffs moved to file a first amended complaint attempting to add Dennis Gray-Bey, Mark Robinson-Bey and Kenneth Atkins as party plaintiffs. However, the district court denied the motion, because the plaintiffs' amended complaint failed to comply with federal court rules and procedures. The plaintiffs then moved to file another amended complaint. This complaint corrected the prior complaint's deficiencies. The district court granted the defendants' motion. However, this amended complaint only added Dennis Gray-Bey as a party plaintiff. Consequently, Mark Robinson-Bey and Kenneth Atkins were never made parties to this suit.
 
 
 5
 The magistrate recommended granting summary judgment on all grounds except for Kelvin Johnson-Bey's claim that he had been retained in administrative segregation for ten days after being found "not guilty" of participating in the vigil. The magistrate construed Johnson-Bey's claim as an equal protection issue and recommended that summary judgment would not be proper on the claim. After the plaintiffs and defendants filed objections to the magistrate's report, the district court rejected the magistrate's recommendation as to Johnson-Bey's claim and granted summary judgment to the defendants on all grounds. Plaintiff Dennis Gray-Bey filed a timely appeal from this order in Case No. 91-1049. In his brief, he requests the appointment of counsel.
 
 
 6
 The defendants then filed a motion requesting the imposition of costs against the plaintiffs. The district court granted the defendants' request in the amount of $25.00. Kenneth Atkins appeals from this order in Case No. 91-1571.
 
 
 7
 The district court subsequently determined that the plaintiffs were not proceeding in good faith and denied them in forma pauperis status on appeal. Kenneth Atkins appeals from this order in Case No. 91-1665.
 
 
 8
 We initially note that plaintiff Dennis Gray-Bey is the only appellant before this court in Case No. 91-1049. Gray-Bey's notice of appeal clearly designates himself as the only appellant and the use of "et al." is insufficient to confer jurisdiction upon the remaining plaintiffs. Minority Employees of the Tenn. Dep't of Employment, 901 F.2d 1327, 1330 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990).
 
 
 9
 Upon review, we determine that the district court properly granted summary judgment for the defendants. There is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 10
 Kenneth Atkins has appealed from the district court's orders in Case Nos. 91-1571 and 91-1665. However, as noted above, Atkins was never properly made party to this suit. Consequently, Atkins is without standing to appeal these orders. See United States v. Vahlco Corp., 895 F.2d 1070, 1073 (5th Cir.), cert. denied, 111 S.Ct. 58 (1990); Aubin v. Fudala, 782 F.2d 280, 285 (1st Cir.1983). Therefore, we dismiss these appeals for lack of jurisdiction.
 
 
 11
 Accordingly, we deny counsel and affirm the district court's judgment in Case No. 91-1049. Rule 9(b)(3), Rules of the Sixth Circuit. We dismiss the appeals for lack of jurisdiction in Case Nos. 91-1571 and 91-1665. Rule 8(a)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation