United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-31132

_____

DIAL ONE OF THE MID-SOUTH, INC.,

Plaintiff - Appellant-Cross-Appellee,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.; BELLSOUTH ADVERTISING &
PUBLISHING CORPORATION; L. M. BERRY AND COMPANY,

Defendants - Appellees-Cross-Appellants.

_____

Appeals from the United States District Court
For the Eastern District of Louisiana

_____

Before GARZA, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Local franchisor appeals the ruling of the district court limiting the damage award for

erroneous address listings in telephone company's directory. Telephone company cross-appeals the

district court's ruling that the company must pay under the Lanham Act for erroneously mislabeling

ex-franchisee in its directory. We affirm in part, reverse in part and remand.

1

I.

The present appeal is part of a long-standing, fractious and frequently litigious relationship between Dial One of the Mid-South ("Dial One") and BellSouth Telecommunications ("Bell South"). Dial One is a franchisor; it has an exclusive agreement with Dial One of Indiana to license the "Dial One" name to companies in the greater New Orleans area. Those companies, in turn, provide various maintenance and repair services to residential and commercial customers. Bell South provides telecommunications services over parts of Louisiana, including New Orleans, and, through its subsidiary, BellSouth Advertising & Publishing Corporation ("BAPCO"), Bell South publishes and distributes a telephone directory.

Bell South and Dial One have had a number of problems over erroneous entries in Bell South's directory; in fact, the current litigation is the fourth such suit since 1990. In 1990, Dial One sued Bell South for publishing the Dial One logo in connection with companies not affiliated with Dial One; that case was settled out of court. A remote telephone number in Dial One's name that was inoperative for several months led to another suit, which also settled. In the most recent case, Dial One brought suit against Bell South because of the latter's erroneous listing of a company in its telephone directory as a Dial One franchisee. The district court awarded over $100,000 in damages, an amount that this Court upheld. *See Dial One of the Mid-South, Inc. v. BellSouth Telecomm., Inc.*, 269 F.3d 523, 525 (5th Cir. 2001).

The present case concerns two errors, conceded by Bell South, in BAPCO's directory. The first involved six new listings that Dial One ordered at the end of 2000.[1] These listings, for Dial One

---

[1] The six were: Dial One Carpeting, Dial One Lock Smith, Dial One Masonry, Dial One Plumbing, Dial One Roofing, and Dial One Security.

companies that did not yet exist, were "remote call forwarding" numbers; when dialed, a caller would actually connect to a Bell South installation, which would then transfer the call to Dial One's main office. Each of the six numbers was given the address "4927 Marque Drive, New Orleans, LA", a location that did not house any of Dial One's operations but rather was the address for a concrete, industrial-type Bell South routing station. Although Dial One made numerous requests upon Bell South—the first in October, 2001—to fix the error, the mistake went uncorrected. The second error involved the mislabeling of a franchisee. In December, 2000, Dial One and its air conditioning franchisee, Help Service Company, dissolved their licensing agreement. Both parties informed Bell South of the change in their relationship, and requested that the Help Service listing not be represented as part of the Dial One network. Again, Bell South failed to make the appropriate adjustment. The combined errors ran in a number of different editions of the phone book from May, 2001 to November, 2002.

In April, 2002, Dial One filed claims against Bell South and BAPCO for federal and state trademark infringement, unfair competition, and violations of Louisiana Civil Code Article 2315 for the intentional publication of false information. On a motion for partial summary judgment, Bell South argued that the General Subscriber Services Tariff it filed with the State of Louisiana ("Tariff") limited its liability to $500 per offense with respect to the Marque Drive errors. In an order dated May 12, 2003, the district court agreed, ruling that the Tariff limited Bell South's liability as to the Marque Drive errors. The court also concluded, however, that to the extent that the Tariff conflicted with federal trademark provisions—which the court interpreted as applying to only the Help Service claim—the Tariff's limitation was preempted. *See* Lanham Act, 15 U.S.C. § 1051 *et seq.* Six months later, Dial One filed a motion for reconsideration of the district court's ruling in which Dial One

3

averred that since the court's ruling it had "discovered" that the Marque Drive errors also were a violation of the Lanham Act, and, therefore, that the Tariff must also be preempted as to those errors. After a hearing, that motion was denied.

Dial One subsequently filed a motion for summary judgment asking the court to find Bell South liable for both errors. In ruling on that motion on September 25, 2003, the district court found, first, that Bell South had conceded liability as to the Marque Drive errors, and second, that Bell South was liable under the Lanham Act for the Help Service error. As to this second holding, the court concluded that under *Dial One*, Bell South could not avail itself of the innocent infringer defense because its conduct with respect to the Help Service error was not objectively reasonable. Finally, the district court rejected Bell South's contention that Dial One was legally barred from seeking treble damages under the Lanham Act, although the court acknowledged that it would have to weigh the evidence before determining the extent, if any, of the damages.

After a bench trial, the district court awarded $31,500 in damages to Dial One for Bell South's violation of the federal trademark statute with respect to the Help Service errors, and allowed for $3000 in damages for the Marque Drive errors (six errors at the tariff-capped $500 each). Dial One appeals the district court's judgment with respect to the Marque Drive errors; Bell South cross-appeals with respect to damages awarded for the Help Service error.

II.

**A. Marque Drive Errors**

(1) Dial One's appeal

Dial One appeals the denial of its motion for reconsideration of the district court's May 12, 2003 order. In the motion, Dial One argued that the district court should have considered whether

4

the Marque Drive errors were violations of the Lanham Act and, therefore, preempted the Tariff's $500 per-error limitation. Because Dial One's motion was filed on September 15, 2003, more than 10 days after the judgment order, it is treated as a Rule 60(b) motion for relief of judgment. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991); FED. R. CIV. P. 60(b).

Relief under Rule 60(b) may be granted for, *inter alia*, "mistake, inadvertence, [or] surprise." FED. R. CIV. P. 60(b). We review a denial of relief under Rule 60(b) for abuse of discretion. *See, e.g.*, *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). "'Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). There is nothing in Dial One's motion which indicates that it is based on newly discovered evidence. Moreover, despite Dial One's insistence that it made a "startling discovery"—language, we note, that is better suited to the appearance of new facts, and not for the recognition of established law—as to federal preemption of the Tariff after the court's order, its motion was plainly no more than a new legal theory. As the docket shows, Bell South and Dial One both had the opportunity to file briefs in support of the motions for summary judgment, and the district court's order itself establishes that preemption under the Lanham Act was a substantial issue. The district court did not abuse its discretion in denying a motion for relief of judgment that was six months tardy and which "could, and should" have been raised before, or shortly after, the initial decision. *Id.*

(2) Bell South's cross appeal

5

Although, as noted, Bell South concedes liability for the Marque Drive errors, it challenges the amount of the monetary penalty under the Tariff. The district court awarded Dial One $500 for each listing for a total of $3,000. Bell South argues that Dial One paid only $222 per year for each listing, which, under the Tariff, would amount to a total award of $666 (one half of $222 for each of six listings).

Dial One does not contest the factual record. Instead, Dial One's argument, sparsely briefed but reinforced at oral argument, is that this Court is precluded from considering Bell South's appeal for two related reasons. The first is that Bell South failed to submit evidence of the lower damages on its motion for summary judgment dated January 21, 2003, and that because Bell South did not offer such evidence at trial, Bell South waived its argument. Second, Dial One contends that, to the extent that Bell South properly raised these arguments, it is not contesting them on appeal.

While it is true that Bell South did not offer evidence of damages in its summary judgment motion, that motion was limited to the specific issue of whether the Tariff's limitation provision applied. As the conclusion of Bell South's supporting memo shows, that party did not concede $500 in liability. Furthermore, according to the trial transcripts Bell South pressed this particular damages argument before the district judge, relying on the statements of Carmelia McCrear as to the monthly amount that Dial One paid for the Marque Drive listings. Finally, Bell South's notice of appeal explicitly challenges the district court ruling as to damages; it has briefed, and therefore preserved, its argument as to this issue on appeal. Because Bell South has briefed an argument that it raised before the trial court and which is supported by evidence in the record, we see no reason to deem this argument waived.

The Tariff, in relevant part, states:

6

> The Company's liability for damages arising from errors in or omissions of listings in its directories and or directory assistance records for which no additional charge is made . . . in no event shall exceed one-half the amount of the charge to the subscriber for Local Exchange Service during the period covered by the directory or during the period that the directory assistance records remain in error after notice to the Company by the subscriber, or $500.00, whichever is less.

GENERAL SUBSCRIBER SERVICES TARIFF, § A 2.5.9. The Tariff thus contemplates three possible amounts for Bell South's liability.

The record shows that Dial One paid $18.50 per month per listing for the Local Exchange Service.[2] Bell South initially published the erroneous Marque Drive listings in the May, 2001, telephone directory. It repeated those errors in the November, 2001, directory, which ran until November, 2002. The period from May, 2001, to November, 2002, is eighteen months. The record also shows, however, that Bell South was not notified about the error until October, 2001. That is a thirteen-month period. As per the Tariff, therefore, Dial One was entitled to $120.25 (one half of $18.50 for thirteen months) per listing, for a total of $721.50 for the six listings.

## B. Help Service Errors

On cross-appeal, Bell South argues that its mistaken labeling of Help Service Company as a Dial One corporation is not a violation of the Lanham Act. The district court ruled that Bell South was liable because the case was indistinguishable from *Dial One*, focusing primarily on the question of whether Bell South was an "innocent infringer" under 15 U.S.C. § 1114(2). In holding that it was not, the district court found that Bell South's actions were not objectively reasonable.

---

[2] Dial One argues that it deserves damages for each incidence of error—of which there are 23—as opposed to each listing. We reject that argument, simply pointing to the language of the Tariff, which quite clearly states that the relevant number is "the amount of the charge to the subscriber for Local Exchange Service." Because Dial One did not pay more for each additional incidence, it does not obtain damages for each additional incidence.

7

On appeal, Bell South offers two reasons for why this case should be distinguished from *Dial One*. We find their arguments unavailing. First, Bell South maintains that this Court should apply a negligence standard, rather than the objective reasonableness standard. Although it is difficult to discern the origin of this argument, Bell South nevertheless contends, in its reply brief, that "the issue here is negligence under Louisiana law, *not* application of the 'innocent infringer' defense under the Lanham Act." Bell South was held liable, however, under the Lanham Act.[3] Moreover, the proceedings below made clear that state law negligence was not at issue. The gravamen of Dial One's complaint was not negligence under state law; rather, it was trademark infringement and unfair competition claims under both state and federal law. In its May 12, 2003 order, the district court explicitly focused on Dial One's trademark infringement claims under the federal Lanham Act. A plain reading of its order of September 25, 2003 shows that, with respect to the Help Service error, the district court was considering only *federal* law. As such, this Court simply does not have before it any negligence claims to which Bell South's argument applies.[4]

---

[3]That appropriate section states:

Any person who shall, without the consent of the registrant—
>    (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action.

15 U.S.C. § 1114.

[4] The court's order gives undisputed facts as to the Help Service error. Following the Fifth Circuit's ruling in *Dial One*, the court concluded that Dial One had met its evidentiary burden for liability. Only then did the court consider the innocent infringer defense. Therefore, Bell South's implicit contention that the district court conflated the innocent infringer *defense* with the initial determination of liability, is not well taken.

8

Second, Bell South argues that in the 2001 litigation, Bell South was able to delete or amend listings at its discretion. After the 1996 Telecommunications Act, 47 U.S.C. § 251 *et seq.*, a number of new local exchange services began to provide telephone services. While BAPCO still published the directory, it obtained numbers not from the customers, but from their providers. Here, Help Service receives telephone service from WorldCom. Accordingly, Bell South contends, it did not have the discretion to change the listing, and could only do so at the request of WorldCom. This lack of discretion, however, is only for *permanent* changes to the database. Bell South did in fact make a temporary change to its database without outside authorization. Its claim that it was legally precluded from making a change to the directory is therefore unavailing.

## C. Damages

Finally, Bell South challenges the sufficiency of the damages awarded by the district court for the Help Service error. The Lanham Act contains a broad remedial provision, which allows the district court substantial discretion in awarding damages. *See* 15 U.S.C. § 1117. The limits to its authority are, primarily, two: it may not provide for punitive damages, and the award must not be inequitable. *Id.*; *Dial One*, 269 F.3d at 527. The district court's decision to award damage is reviewed for plain error only. FED. R. CIV. P. 52(a).

Bell South cites no evidence, and we find none, showing that the district court awarded an amount that was either punitive or inequitable. The district court considered historical data concerning the number of annual franchises sold and analyzed general economic conditions. The district court also showed skepticism with the speculative nature of franchise selling. As in *Dial One*, we find that "[t]his demonstrates a weighing of the factors sufficient to support the award." 269 F.3d at 527. We affirm the district court's award.

9

III.

We REVERSE the award of $3000 for the Marque Drive errors, and REMAND for an entry of judgment in the amount of $721.50. In all other respects, the judgment of the district court is AFFIRMED.