# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2015

Lyle W. Cayce
Clerk

No. 14-31140

JERROD D. JOHNSON,

Petitioner-Appellant

v.

J. TIM MORGAN, Warden Winn Correctional Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2134

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jerrod D. Johnson, Louisiana prisoner # 542543, is serving a life sentence for armed robbery. He now seeks a certificate appealability (COA) so that he may appeal the district court's denial of his motion for reconsideration of the dismissal of his 28 U.S.C. § 2254 application as untimely. Johnson must obtain a COA before he can appeal the denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31140

The district court did not determine whether Johnson was entitled to a COA.  Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal.  *See* Rule 11(a), Rules Governing § 2254 Proceedings; *Cardenas v. Thaler*, 651 F.3d 442, 444 & nn.1-2 (5th Cir. 2011).  Nonetheless, we decline to remand this case to the district court for a COA ruling because the appeal is frivolous, and a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

According to Johnson, the district court should have equitably tolled the statute of limitations because, he says, any procedural default of his claims is excused by his counsel's ineffective assistance on direct appeal and his lack of counsel during his state postconviction proceedings.  However, he raised these arguments in his original § 2254 proceedings, and a Rule 60(b) motion is not a vehicle to rehash prior arguments.  *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (noting that, as a general proposition, a Rule 60(b) motion is not a permissible method for a party to relitigate its case); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (holding that a Rule 60(b) motion cannot be used as a substitute for a direct appeal).

To the extent that Johnson presses a new argument that he was eligible for equitable tolling on the basis that he did not deliberately bypass state court remedies and thus did not procedurally default his federal constitutional claims, he relies on no new evidence, points to no manifest error made by the district court, and does not explain how he could not have raised this contention before the district court entered judgment against him.  *See Dial One of the Mid-South, Inc. v. BellSouth Telecomm., Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005).  In any event, the premise of Johnson's argument is flawed because the district court did not determine that his claims were procedurally defaulted.  Moreover, even if Johnson adequately preserved his claims, this

does not establish that his delay in filing his § 2254 application resulted from extraordinary external factors beyond his control necessary to warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

In the alternative, even if we have jurisdiction over the appeal absent a COA ruling in the district court, we would deny a COA. To obtain a COA, Johnson must establish that reasonable jurists would conclude that the district court abused its discretion in denying the Rule 60(b) motion. *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has failed to make the required showing.

The appeal is DISMISSED for lack of jurisdiction, and Johnson's motions for a COA, appointment of counsel, and an evidentiary hearing are DENIED AS MOOT.