# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20282
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

August 25, 2017

Lyle W. Cayce
Clerk

KAREN KRISTINE SILVIO,

Plaintiff-Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK NATIONAL TRUST
COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3065

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Karen Kristine Silvio moves for leave to proceed in forma pauperis (IFP) to appeal the denial of her motion to reinstate her claims that the defendants lacked the authority to foreclose on her property, to hold a foreclosure sale, and to seek her eviction. The district court granted summary judgment in favor of the defendants. By moving to proceed IFP, Silvio challenges the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification decision that her appeal is not taken in good faith. S*ee Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is taken in good faith if it raises legal points that are arguable on their merits and therefore not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The motion to reinstate, which Silvio filed more than eight months after the district court entered judgment, was a motion for relief under Federal Rule of Civil Procedure 60(b). *See* FED. R. CIV. P. 60(b); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-69 (5th Cir. 1986) (en banc). Her appeal, which was timely only as to the denial of her motion to reinstate, does not allow us to review the judgment or her other postconviction motions. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); *Bailey v. Cain,* 609 F.3d 763, 767 (5th Cir. 2010); *Williams v. Chater*, 87 F.3d 702, 704-06 (5th Cir. 1996). We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Silvio has not explained how her motion to reinstate implicated any of the enumerated Rule 60(b) grounds. She does not reference Rule 60(b), explain how her motion warranted relief under Rule 60(b), or identify how the district court abused its discretion in concluding that relief from the judgment was not justified. Her attacks on the judgment could have been raised prior to the entry of judgment or asserted in a timely appeal. *See Dial One of the Mid-South, Inc. v. BellSouth Telecomm., Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993).

She otherwise has not identified a basis for relief under Rule 60(b). To the extent that she argues that she was not served with the summary judgment motion, her claim is belied by the record; the defendants served the motion on her counsel of record and did not commit misconduct that possibly warranted relief under Rule 60(b). *See* FED. R. CIV. P. 5(b)(1); FED. R. CIV. P. 60(b). Also,

any assertion that the judgment was a mistake for purposes of Rule 60(b)(1) is unavailing because her disagreement with the judgment does not support that it was based on an obvious error or a fundamental misconception of the law. *See Chick Kam Choo v. Exxon Corp*, 699 F.2d 693, 695 (5th Cir. 1983). There is no indication that the securitization audit that Silvio filed with her motion to reinstate is newly discovered evidence. *See* FED. R. CIV. P. 60(b)(2); *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992).

Therefore, Silvio's appeal does not present a nonfrivolous issue and is not taken in good faith. *See Howard*, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.