# United States Court of Appeals for the Fifth Circuit

───────────────

No. 23-50838
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Jose Calzada,

*Defendant—Appellant*.

─────────────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-467

─────────────────────────────────────

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Omar Jose Calzada, former federal prisoner # 99850-280, appeals the district court's denial of his motion under Rule 60(b)(4), (b)(6), and (d)(3) of the Federal Rules of Civil Procedure to vacate the district court's denial of his writ of error coram nobis petition. He argues that, because a federal law enforcement officer did not file his criminal complaint, the district court did

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not comply with Federal Rule of Criminal Procedure 41, lacked subject matter jurisdiction, violated his due process rights, and deprived him of the right to be free from unlawful seizures. He also asserts that the fact that both a local official and a Federal Magistrate Judge signed his criminal complaint amounts to evidence of fraud.

To the extent his jurisdictional arguments duplicate arguments previously raised and rejected, the law of the case doctrine precludes him from reurging them. *See United States v. Vahlco Corp.*, 895 F.2d 1070, 1072 (5th Cir. 1990). Further, he may not use a postjudgment motion to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Further, his claims of fraud and forgery are conclusory and unsupported by law. Finally, a grand jury indictment cures procedural defects in a complaint or warrant. *See Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972).

Calzada has also filed numerous motions. His motion to stay his current appeal pending resolution of a pending judicial misconduct proceeding is denied. Calzada also moves for a meeting with the Chief Judge of this court, evidently to discuss his appeal and his misconduct complaint. Relatedly, he has filed a motion seeking an explanation from the chief deputy clerk with regard to communications about Calzada's prior efforts to deliver materials to the chief judge. These motions are frivolous.

For the foregoing reasons, we DISMISS this appeal as frivolous. *See* 5TH CIR. R. 42.2. Calzada's motions are DENIED. Calzada is also WARNED that appropriate action will be taken should he again attempt to contact any judge personally about a pending matter, and that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions

on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994); *Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988) (noting the ability of the courts of appeals to impose sanctions sua sponte).